Argued and submitted January 14, 1991, convictions affirmed; remanded for resentencing January 22, reconsideration denied May 13, petition for review denied May 26, 1992 (313 Or 300)

# STATE OF OREGON,
*Respondent,*

*v.*

# NGHIA GIA DAM,
*Appellant.*

## (C88-11-37911; CA A61637)

825 P2d 286

Richard L. Lonergan, Portland, argued the cause for appellant. With him on the brief was Clint A. Lonergan, Portland.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Joseph, Chief Judge,* and Deits, Judge.

RICHARDSON, P. J.

---

* Joseph, C. J., *vice* Newman, J., deceased.

## RICHARDSON, P. J.

Defendant appeals his convictions, after trial by jury, on 12 counts of robbery in the first degree with a firearm. ORS 164.415. Defendant is from North Vietnam. His ability to speak and understand English is limited, and two of his claims of error relate to interpreters who were provided. Additionally, he challenges the in-court identification of him, the denial of his motion for judgment of acquittal and the imposition of minimum prison terms because of his use of a firearm. We affirm the convictions but remand for resentencing.

On October 20, 1988, four or five Asian males robbed the staff and patients of a dental clinic. The clinic is operated by two Vietnamese dentists, and most of the staff and many of the patients are Vietnamese. Twelve individuals were robbed at the same time. The assailants spoke Vietnamese, Chinese and English during the robbery.

About two weeks later, one of the victims saw a televised news item showing several Asian males. He told the police that a man in the news broadcast was one of the robbers. The police identified defendant as the man pointed out by the victim and put together a group of pictures of Asian males, including defendant. None of the victims or witnesses was able to identify defendant from the photograph array. Later, a number of the victims were shown a video tape of the television news broadcast, and some of them identified defendant on the tape as one of the robbers. Defendant's appearance had changed by the time of trial, and only one victim positively identified him at trial. The television tape was shown to the jury, and there was testimony that some of the victims had identified defendant on the video tape.

Defendant appeared at trial with court-appointed counsel and an interpreter. It appears that the state and defendant's counsel had both contacted The Language Bank about an interpreter and had made a joint contract to employ the same individual. There was no proceeding before trial for appointment of an interpreter or an examination of the interpreter's qualifications. However, she was sworn as an interpreter and her qualifications were subsequently put on the record.

■    Defendant's first assignment is that:

"The trial court erred in not appointing a qualified inter-preter to translate language for defendant and in not appointing a qualified interpreter to translate language for the witness."

In the second assignment, he contends:

"The trial court erred in allowing the lone translator to translate for the witness."

He makes one argument for both assignments: OEC 604 requires the court to appoint a qualified interpreter for a defendant and one for any witness who has a language difficulty. He also contends that his rights under the Oregon Constitution, Article I, section 11, and the Fourteenth Amendment were violated. The principal contention is that he speaks Cantonese and the interpreter speaks Vietnamese.

The difficulty with defendant's arguments is that they are different from those made at trial. He appeared at trial with an interpreter that he and the state had agreed on. He made no objection when she was sworn and later when her qualifications were recited. Defendant himself voiced objec-tions after the first day of trial that the interpreter was answering before the witness had finished speaking, but neither he nor his counsel voiced objection to her qualifica-tions. There is simply no factual basis in the record to support the contentions made on appeal and they were not preserved.

After defendant had made his objection about the interpreter at the end of the first day of trial, a second interpreter was used. Defendant made no objection. The record does not support defendant's contention that the interpreter, which was selected by him, was inadequate. He made no objection when the state used that interpreter for Vietnamese witnesses who had difficulty with English. He has shown no prejudice.[1]

■    In the third assignment, defendant contends that the court erred by admitting evidence of identification based on the video tape of the newscast and in admitting the video tape and the photo display in evidence. His only argument is that

_____

[1] The better practice would be to have one interpreter to work with the defendant and his counsel and a different one to translate for witnesses.

the procedure for identifying him was suggestive, because the video tape was shown to the witnesses, and the photo display was shown more than once to the witnesses. Defendant did not make that argument to the trial court and, consequently, it made no findings or conclusions as to the validity of the identification procedure. The witnesses who saw the video tape testified without objection that the man on the tape, who was acknowledged to be defendant, was one of the robbers. Defendant objected to admission of the video tape on the basis that it showed only defendant and, consequently, was unfairly suggestive as a basis for identification of defendant. The state explained to the court that the portion of the tape offered by the state was only a part of that shown to the witnesses. The prosecutor indicated that the whole tape showed 10 or more young Asian males and that the witnesses picked defendant from that group. After that explanation, defendant did not argue further about the suggestive nature of the tape. The contentions that defendant raises are not supported by the record and were not raised in the trial court.

Next, defendant contends that the court erred in denying his motion for judgment of acquittal because of insufficient evidence. He argues that the only in-court identification of him as one of the robbers was based on a suggestive procedure. There was other evidence that defendant was one of the robbers, and he has not successfully challenged the in-court identification.

In the fifth and sixth assignments, defendant contends that the court erred by not instructing the jury that it must find that the defendant personally used a firearm in the commission of the robberies. Use of a firearm relates to mandatory minimum sentences under ORS 161.610. Defendant made no objection to the instructions given and did not request a different one. We decline to review his claim of error.

The final assignment is that the court erred by imposing a minimum sentence under ORS 161.610 on each of the 12 robbery counts. The state concedes that, because the convictions occurred in a single trial, defendant can only be sentenced to one minimum term for use of a firearm. *State v. Hardesty*, 298 Or 616, 695 P2d 569 (1985). The state argues, however, that, because the sentences are to run concurrently,

defendant is not harmed. It is impossible to predict the impact that the several minimum sentences might have on a subsequent parole decision. We decline to hold that the error was harmless. *See State v. Small*, 101 Or App 448, 790 P2d 48 (1990).

Convictions affirmed; remanded for resentencing.