Argued and submitted December 22, 1998, convictions affirmed; remanded for resentencing July 7, 1999

STATE OF OREGON,
*Respondent,*

*v.*

CHRISTOPHER L. BLACK,
*Appellant.*

(C96-1890CR; CA A97307)

987 P2d 530

David C. Degner, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Jonathan H. Fussner, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Warren, Presiding Judge,* and Edmonds and Armstrong, Judges.

PER CURIAM

---

* Warren, S. J., retired February 28, 1999.

## PER CURIAM

Defendant seeks to modify the sentences he received after he was convicted of unlawful possession of a short-barreled shotgun, ORS 166.272, and unlawful use of a weapon, ORS 166.220. Both convictions were pleaded as aggravated offenses committed with the use of or threatened use of a firearm, ORS 161.610. The court sentenced defendant to two concurrent minimum terms for crimes that arose from the same incident and were sentenced at the same time. ORS 161.610. Defendant asserts that the trial court erred in sentencing him to two minimum sentences.

Despite the fact that the error was not preserved below, it is an error that is apparent on the face of the record and within our discretion to review. Defendant has shown no collateral consequences from the two concurrent sentences, but we nevertheless reverse and remand for resentencing. In *State v. Hardesty*, 298 Or 616, 695 P2d 569 (1985), the court affirmed this court's holding that ORS 161.610 "contemplates only one * * * minimum sentence for the 'first conviction' involving a firearm even when the defendant is simultaneously convicted of two or more felony charges." *Id*. at 618-19. That ruling was further clarified in *State v. Dam*, 111 Or App 15, 825 P2d 286, *rev den* 313 Or 300 (1992), when this court held that the holding in *Hardesty* applies even when the sentences are concurrent.

Convictions affirmed, remanded for resentencing.