Argued and submitted February 21, vacated and remanded March 21, 2001

# DERAL RAY MAGESKE,
*Petitioner,*

*v.*

# BOARD OF PAROLE
# AND POST-PRISON SUPERVISION,
*Respondent.*

## (CA A106240)

21 P3d 150

Beth Corbo, Deputy Public Defender, argued the cause for petitioner. With her on the briefs was David E. Groom, State Public Defender.

Richard D. Wasserman, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

BREWER, J.

**BREWER, J.**

Petitioner seeks review of an order of the Board of Parole and Post-Prison Supervision (Board) revoking his parole. The primary issue on review is whether substantial evidence supports the Board's finding that petitioner violated the condition of his parole that required him to obey all laws. ORS 144.335(5); ORS 183.482(8)(c). We vacate the Board's order and remand.

Petitioner was convicted of robbery in the first degree in 1984. Under the sentencing framework existing at that time, petitioner was sentenced to a term of imprisonment not to exceed 20 years, with a minimum sentence of seven and one-half years to be served before he was eligible for parole. After his initial release, petitioner's parole was revoked in 1994 and, again, in 1996. In each instance, he was re-released after serving an incarcerative sanction. After the second revocation, petitioner was released on October 13, 1996. The conditions of his release included requirements that he report to his parole officer, that he make his whereabouts known to the officer, and that he obey all laws. On April 30, 1997, petitioner was arrested for the crime of menacing arising from a domestic dispute. Petitioner's girlfriend obtained a restraining order against him that required him to move from their joint residence. Petitioner then became homeless. After his arrest, petitioner failed to report to his parole officer and failed to keep the officer informed of his whereabouts.

On June 14, petitioner waived his right to a violation hearing before the Board. Petitioner did not contest a hearings officer's findings that he had violated the conditions that he report to his parole officer and that he make his whereabouts known to the officer. Petitioner also consented to the hearings officer's recommendation that his parole should be revoked for those two violations. The hearings officer's report included the following summary of evidence:

"[Petitioner] admitted that he was homeless and did not contact his parole officer. [Petitioner] was homeless because he was arrested for MENACING-DOMESTIC VIO-LENCE and a restraining order was served on the same

day. [Petitioner] says that he had not hit his girlfriend, but the police had to arrest somebody."

The hearings officer did not find that petitioner had violated the condition requiring that he obey all laws. The hearings officer found that petitioner's violations were aggravated by "repetition of conduct associated with commitment offense or past conditions." However, in mitigation of the violations, the hearings officer also found that there was "[n]o evidence of new criminal activity." Petitioner's parole officer recommended that petitioner serve a 90-day incarcerative sanction for the two violations.

On June 20, 1997, the Board issued an order revoking petitioner's parole, based upon findings that petitioner had violated both conditions relied upon by the hearings officer and, in addition, that petitioner had violated the condition requiring him to obey all laws. The Board received no new evidence beyond the evidence summarized in the hearings officer's report. The Board deferred its re-release decision pending a disposition hearing. *See* OAR 255-075-0072(2)(c); *Woolstrum v. Board of Parole*, 141 Or App 332, 338, 918 P2d 112, *rev den* 324 Or 395 (1996). The future disposition hearing was held on September 4. At that hearing, the Board considered a confidential document relating to the allegation that petitioner had failed to obey all laws. Pursuant to a Board rule, petitioner was not informed that the Board had considered the confidential document. *See* OAR 255-015-0010. Following the hearing, the Board denied petitioner re-release and reset his release date for September 4, 2001.

 In December 1997, petitioner untimely sought administrative review of the June 20 revocation order. The Board allowed review but, in an order issued in March 1999, upheld its revocation order. In response to petitioner's argument that there was no evidence that he had failed to obey all laws, the Board said:

"The Board is not bound by the findings of the parole officer or the hearing officer. The Board can find violations based on information contained in the reports of the hearing officer or parole officer. In this case, the hearing officer's report contained information that [petitioner] had been arrested

for the misdemeanor crime of menacing. The victim was [petitioner's] girlfriend. The arrest indicates there was probable cause to believe that [petitioner] had committed a crime. This is sufficient for the Board to find a violation of general condition 10 [requiring that petitioner obey all laws]."

Petitioner argues on review that the Board's finding that he failed to obey all laws is not supported by substantial evidence. We agree. The Board concluded that petitioner's arrest alone was sufficient to establish probable cause to believe that petitioner had committed a crime. The Board was mistaken. It is true that an arrest for a crime must be justified by probable cause. *State v. Holmes*, 311 Or 400, 407, 813 P2d 28 (1991). However, the fact that an arrest occurred does not furnish probable cause to believe that the arrestee committed a crime. Probable cause exists only if an arresting officer's belief that the arrestee committed a crime is objectively reasonable. *State v. Owens*, 302 Or 196, 204, 729 P2d 524 (1986). There is no evidence in the Board's record to support such a determination. Moreover, probable cause alone may not support a revocation order. *See* ORS 144.343(7).[1] The demands of due process are at the root of that principle. As the Supreme Court said in *Morrissey v. Brewer*, 408 US 471, 488, 92 S Ct 2593, 33 L Ed 2d 484 (1972):

"[A revocation hearing] must be the basis for more than determining probable cause; it must lead to a final evaluation of any contested relevant facts and consideration of whether the facts as determined warrant revocation. The parolee must have an opportunity to be heard and to show, if he can, that he did not violate the conditions, or, if he did, that circumstances in mitigation suggest that the violation does not warrant revocation."

The Board's own rules compel the same conclusion. OAR 255-75-045(4) (1979) permitted the Board, in deciding

---

[1] ORS 144.343(7) provides:

"If the board or its designated representative has determined that there is probable cause to believe that a violation of one or more of the conditions of parole has occurred, *the hearing shall proceed to receive evidence from which the board may determine whether to* reinstate or continue the alleged parole violator on parole subject to the same or modified conditions of parole or *revoke parole* and require that the parole violator serve a term of imprisonment as provided by ORS 144.346." (Emphasis added.)

whether to revoke petitioner's parole, to consider "[e]*vidence* of criminal activity * * *." (Emphasis added.) Petitioner's arrest, alone, did not constitute evidence, substantial or otherwise, that he had committed a crime. *See State v. Nefstad*, 309 Or 523, 557-58, 789 P2d 1326 (1990) (presuming that police officer's conclusion that he had probable cause for an arrest was "not evidence of anything"). In the absence of substantial evidence, the Board erred in finding that petitioner violated the parole condition requiring him to obey all laws. On review, the Board makes no argument to the contrary. Instead, it defended the revocation order on two different rationales.

In its brief on review, the Board relied exclusively on the confidential document that it considered at petitioner's future disposition hearing in September 1997. According to the Board, that document contained evidence that petitioner had failed to obey all laws. However, at oral argument, the Board conceded that it had not considered the confidential document before issuing the June 20 revocation order. The revocation order is the only Board decision from which petitioner now seeks review. We accept the Board's concession that the confidential document it considered at petitioner's future disposition hearing is not and could not be substantial evidence supporting the earlier revocation order.

At oral argument, the Board suggested that the Board's error, if any, was harmless, because petitioner had consented to the hearings officer's recommendation that his parole be revoked. What the Board overlooks is that petitioner did not consent to the revocation of his parole based on new alleged unlawful activity. In fact, petitioner consistently denied that he had committed any new offense, and the hearings officer found that there was no evidence of a new offense. The Board made its finding that petitioner had failed to obey all laws only *after* petitioner had waived his right to be heard and had consented to revocation based on the hearings officer's findings. Petitioner did not waive his right to a hearing on the issue of whether he had failed to obey all laws, nor did he consent to revocation of his parole on that ground.

■ The Board's erroneous finding is of more than academic concern. Petitioner's parole officer had recommended a

90-day sanction for the two reporting-type violations that were supported by substantial evidence. After the Board found that petitioner also had failed to obey all laws as a result of the menacing incident, it imposed a 51-month sanction for all three violations. Because the erroneous finding might have influenced the severity of the Board's ultimate sanction following revocation, the error was not harmless. *Cf. State v. Dam*, 111 Or App 15, 19-20, 825 P2d 286, *rev den* 313 Or 300 (1992) (holding that sentencing error involving multiple convictions was not harmless, despite the fact that the sentences were concurrent, because it was impossible to predict the impact that the error might have on a subsequent parole decision).

Order revoking parole vacated; remanded for further proceedings.