Submitted October 1, reversed and remanded for resentencing
December 15, 2010

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## MICHAEL DEVON HERRING,
*Defendant-Appellant.*

Multnomah County Circuit Court
991239681; A141302

244 P3d 899

Peter Gartlan, Chief Defender, and David C. Degner, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Susan G. Howe, Senior Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Ortega, Judge, and Sercombe, Judge.

LANDAU, P. J.

**LANDAU, P. J.**

In 2000, defendant was convicted of two counts of attempted murder with a firearm, ORS 163.115, and sentenced to a 30-year indeterminate sentence as a dangerous offender, ORS 161.725, for Count 1 and a 90-month sentence for Count 2 to run concurrently with Count 1, each with a 90-month minimum pursuant to Measure 11, a 60-month firearm minimum, ORS 161.610, and 36 months of post-prison supervision. The sentence also included a $605 fine that the trial court waived. Eight years later, the trial court, *sua sponte*, entered an amended judgment of conviction, altering defendant's sentence without giving him notice or the opportunity to be heard. The trial court changed the length of post-prison supervision for Count 1 to 30 years and imposed the $605 fine under Count 2 without a waiver.

After discovering the amended judgment, defendant filed an untimely appeal, advancing three assignments of error: (1) the trial court denied defendant his statutory right, under ORS 137.030(1), to be present at sentencing; (2) the trial court denied defendant his state constitutional right of allocution and his federal constitutional right to due process of law; and (3) the trial court imposed two firearm minimum sentences, instead of just one, as permitted by ORS 161.610(4)(a). Upon defendant's motion, the appellate commissioner allowed review of the late appeal. Reviewing the amended judgment for errors of law, ORS 138.222(4)(a), we reverse and remand for resentencing.

Both defendant and the state agree that the trial court did not give defendant notice of its intent to amend his sentence and did not give him the opportunity to be present or to be heard before amending the judgment. Defendant argues that the trial court's failure to do so violated his rights under ORS 137.030(1)[1] and the state[2] and federal constitutions.[3] The state concedes that the trial court violated both

---

[1] ORS 137.030(1) provides, in part, "For the purpose of giving judgment, if the conviction is for * * * [a] felony, the defendant shall be personally present."

[2] Article I, section 11, of the Oregon Constitution provides, in part, "In all criminal prosecutions, the accused shall have the right * * * to be heard by himself and counsel * * *."

[3] Under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, no person shall be deprived of "life, liberty or property, without due process of law."

ORS 137.030(1) and the Oregon Constitution, making it unnecessary for us to address defendant's arguments under the federal constitution. We accept the state's concession as to the first two assignments of error.

Defendant also argues that the trial court erred in imposing two firearm minimum sentences, instead of just one, as permitted under ORS 161.610(4)(a).[4] Defendant acknowledges that that argument is unpreserved, but correctly points out that we have exercised our discretion to correct similar unpreserved sentencing errors before. *State v. Black*, 161 Or App 662, 987 P2d 530 (1999); *State v. Dam*, 111 Or App 15, 19-20, 825 P2d 286, *rev den*, 313 Or 300 (1992). The state concedes that the error is plain under *State v. Hardesty*, 298 Or 616, 618-19, 695 P2d 569 (1985), but argues that we need not exercise our discretion to correct the error in light of the fact that reversal is already required because of the state's concession as to the first two assignments of error. We agree.

Reversed and remanded for resentencing.

---

[4] ORS 161.610(4) provides, in part,

"The minimum terms of imprisonment for felonies having as an element the defendant's use or threatened use of a firearm in the commission of the crime shall be as follows:

"(a) Except as provided in subsection (5) of this section, upon the first conviction for such felony, five years[.]"