FILED

**NOT FOR PUBLICATION**

AUG 02 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

SHAWN M. NEWCOMB,

             Petitioner - Appellant,

   v.

JEFF PREMO,

             Respondent - Appellee.

No. 12-35418

D.C. No. 3:09-cv-00936-HU

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted July 11, 2013
Portland, Oregon

Before: PREGERSON, MURGUIA, and CHRISTEN, Circuit Judges.

    Shawn Newcomb appeals the district court's order denying his 28 U.S.C.

§ 2254 habeas corpus petition challenging the revocation of his parole and denial

of rerelease.  We review de novo the district court's order denying habeas relief.

*Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002).  We have jurisdiction under

---

     \*    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

28 U.S.C. § 2253, and we affirm.

Petitioner contends that the district court erred by finding his claim procedurally barred for failure to exhaust his state remedies, and further contends that Oregon's procedural rule requiring prisoners to seek administrative review of revocation orders is not "adequate" to preclude habeas review.

Habeas petitioners exhaust state court remedies before seeking federal habeas relief when their federal claims are "fairly presented" to the state's highest court in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). If a petitioner fails to exhaust his state remedies and the state court "would now find the claims procedurally barred . . . there is a procedural default for purposes of federal habeas." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

Here, petitioner failed to seek administrative review of the October 28, 2003 order issued by the Oregon Board of Parole and Post-Prison Supervision (Parole Board) revoking his parole. The order explicitly advised petitioner that he had 45 days to seek administrative review. The Parole Board later conducted a future disposition hearing to determine whether to rerelease petitioner, "not to litigate whether [petitioner] did or did not violate the condition of supervision." The Parole Board issued an order denying rerelease and petitioner sought

2

administrative review, challenging the basis for the revocation decision. The Parole Board correctly determined that petitioner's due process argument was related to the October 2003 revocation order, not the February 2004 sanction order, and dismissed it as untimely. *See* OAR § 255-080-0005(1) (requiring inmate seek administrative review within 45 days). The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review.

Petitioner failed to comply with Oregon Revised Statute 144.335(1)(b), which requires that petitioners exhaust administrative remedies before seeking judicial review of Parole Board orders. The failure to do so deprived the state court of jurisdiction to hear petitioner's due process claim. *See Rickman v. Oregon Bd. of Parole & Post-Prison Supervision*, 959 P.2d 617, 619 (Or. Ct. App. 1998) (because Petitioner never sought administrative review of parole revocation decision, the state court "may not review that decision"). Petitioner argues instead that the state court could have considered his due process argument under the plain error standard, but he cites no authority for the implied argument that it was error for the court to decline to take up his appeal. Because petitioner's due process challenge to the Parole Board's revocation decision was not "fairly presented" and because the revocation order was issued more than 45 days ago, he is barred from exhausting his state remedies. *See* OAR § 255-080-0005(1). Petitioner's claim is

procedurally defaulted for purposes of federal habeas relief. *O'Sullivan*, 526 U.S. at 848.

Petitioner argues Oregon's administrative review rule is not "adequate" to preclude habeas review. Federal habeas relief is unavailable when a state judgment rests on "independent and adequate" state procedural grounds. *Walker v. Martin*, 131 S. Ct. 1120, 1127 (2011) (citation omitted). A procedural rule is "adequate" if it is "firmly established and regularly followed." *Id.* (citation omitted).

Petitioner's first adequacy argument is that Oregon's bifurcation of revocation proceedings and future disposition hearings is "artificial" and that bifurcation serves no legitimate purpose. But procedural rules "generally serve[] a legitimate state interest, *Lee v. Kemna*, 534 U.S. 362, 387 (2002), and Newcomb has not demonstrated that this is an "exceptional case[] in which exorbitant application of a generally sound rule renders the state ground inadequate," *id.* at 376.

We also reject petitioner's argument that Oregon's filing deadline required that he challenge the Parole Board's action before his due process argument "crystalized." Petitioner submitted a memorandum to the hearing officer before the revocation order was issued making the same vagueness argument he makes now; his due process argument clearly crystalized before the Parole Board issued

its order denying rerelease.

Petitioner's next contention is that the Parole Board cannot fairly review its own decisions. Administrative review provides the Parole Board with the opportunity to review its decisions, and potentially correct errors, before expending judicial resources. This is consistent with exhaustion principles. *See Geo-Energy Partners-1983 Ltd. v. Salazar*, 613 F.3d 946, 959 (9th Cir. 2010) (noting agency's interest in "applying its expertise, correcting its own errors, making a proper record, [and] enjoying appropriate independence of decision") (citation omitted). Even when the Parole Board upholds its own decisions, Oregon's rules provide an opportunity for judicial review.

Petitioner cites *Mageske v. Bd. of Parole & Post-Prison Supervision*, 21 P.3d 150, 152 (Or. Ct. App. 2001), in support of his contention that Oregon's administrative review requirement is not invariably followed. In *Mageske*, petitioner sought untimely administrative review of a Parole Board revocation order. *Id.* at 151. The Parole Board considered his late challenge and affirmed on the merits. The Court of Appeals also considered the merits of Mageske's challenge, but it reversed, ruling the Parole Board mistakenly concluded an arrest alone was sufficient to establish petitioner had violated the condition that he obey all laws. *Id.* at 152–53. *Mageske* does not demonstrate that Oregon's

administrative review requirement is not invariably followed. *Mageske*

demonstrates that the Parole Board has discretion to entertain defaulted arguments.

*See Dawson v. Bd. of Parole & Post-Prison Supervision*, 217 P.3d 1055, 1057 (Or.

2009). That the Parole Board declined to do so in this case does not mean that the

rule requiring administrative review within 45-days is not firmly established and

regularly followed. *See Walker*, 131 S. Ct. at 1127–30 (holding that a

discretionary rule is regularly followed even if similar cases result in different

outcomes).

**PETITION DENIED.**