## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JUSTIN ALAN LINK,
*Defendant-Appellant.*

Deschutes County Circuit Court
01FE0371AB; A145157

317 P3d 298

Susan Fair Drake, Senior Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services. Justin Alan Link filed the supplemental brief *pro se.*

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Anna M. Joyce, Solicitor General.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

When defendant was a teenager, he and four friends went on a crime spree that included stealing a car belonging to one friend's mother and then killing her to conceal the robbery. For his involvement, defendant was convicted, after a bench trial, of aggravated murder, ORS 163.095, (Counts 1 through 5); conspiracy to commit aggravated murder, ORS 161.450, (Counts 6 through 10); attempted murder, ORS 161.405, (Counts 11 and 12); assault in the second degree, ORS 163.175, (Count 13); kidnapping, ORS 163.235, (Count 14); robbery in the first degree, ORS 164.415, (Counts 15 through 17); burglary in the first degree, ORS 164.225, (Counts 18 through 20); and theft in the first degree, ORS 164.055, (Counts 21 and 22).

Defendant waived his right to a jury for the sentencing phase, and the court imposed a true life sentence on Count 1 (aggravated murder). The court merged various counts *"for sentencing purposes"* (Counts 2 through 10 for aggravated murder and conspiracy to commit aggravated murder, and Counts 15 through 17 for robbery) into Count 1. (Emphasis added.) The court imposed 90-month sentences on Counts 11 and 12 (attempted murder), a 70-month sentence on Count 13 (second-degree assault), and a 90-month sentence on Count 14 (kidnapping), all of which were to be served concurrently with defendant's true life sentence. The court imposed a 36-month concurrent sentence on Count 18 (first-degree burglary), and merged *"for sentencing purposes"* Counts 19 and 20 (also first-degree burglary). (Emphasis added.) Last, the court imposed concurrent dispositional departure sentences on Counts 21 and 22 (theft) for six months in prison.

Defendant appealed his convictions and sentences. In that first appeal, *State v. Link*, 214 Or App 100, 110, 162 P3d 1038 (2007) (*Link I*), we held that the guilty adjudications on Counts 2 through 5 should have merged with the adjudications on Count 1, yielding a *single conviction* for aggravated murder—as opposed to "being merged only 'for sentencing purposes.'" We then held that the adjudications on Counts 6 through 10 (conspiracy to commit murder) should have merged together, and then merged into

the adjudication on Count 1, and that the adjudications on Counts 11 and 12 (attempted murder) likewise should have merged into the adjudication on Count 1. In other words, the adjudications of guilt on Counts 1 through 12 should have yielded a single conviction for aggravated murder. We also agreed with defendant that the guilty adjudications on Counts 19 and 20 (first-degree burglary) should have merged into the adjudication on Count 18 (first-degree burglary), yielding a single first-degree burglary conviction.

In light of those conclusions, we did not address defendant's contention that the trial court should have granted his motion for a judgment of acquittal on Counts 1 through 3. We reasoned that, because defendant had not assigned error to his convictions on Counts 4 and 5 and therefore would still stand convicted on those counts, and, because all of defendant's aggravated murder counts merged into a single conviction, resulting in a single sentence, an acquittal on Counts 1 through 3 would not affect a substantial right of defendant. 214 Or App at 111; *see* ORS 138.230 (directing court to disregard defects that do not affect a party's substantial rights). Applying the same logic, we also did not consider defendant's contention that he should have been acquitted on Counts 6 through 8. *Link*, 214 Or App at 111. We ultimately vacated defendant's sentences and remanded the case for merger in accordance with our opinion, and for resentencing. *Id.* at 112.

The Supreme Court allowed review for the limited purpose of determining whether, as this court had held, any error by the trial court in denying defendant's motion for a judgment of acquittal on Counts 1 through 3 was harmless. *State v. Link*, 346 Or 187, 208 P2d 936 (2009). On review, the court concluded that we should have reached the merits of defendant's arguments concerning his convictions on Counts 1 through 3 because, in part, whether a person is guilty as charged has independent significance that cannot be foreclosed by merger. *Id.* at 202. The court further concluded that defendant was indeed entitled to an acquittal on those three counts, which were based on defendant having "personally" murdered the victim. The court's disposition read as follows:

"The decision of the Court of Appeals is affirmed in part and reversed in part. The judgment of the circuit court is affirmed in part and reversed in part, and the case is remanded to the circuit court for further proceedings."

*Id.* at 212. Significantly, the Supreme Court's opinion—and its disposition reversing this court's decision—related only to defendant's convictions on Counts 1 through 3. The Supreme Court affirmed the remainder of this court's disposition, which had vacated and remanded for merger and resentencing on counts other than Counts 1 through 3.

The case now before us concerns what happened on remand from the Supreme Court to the trial court. On remand, the trial court refused to provide defendant with a new sentencing proceeding; instead, the court entered an amended judgment reflecting that defendant was acquitted on Counts 1 through 3. The amended judgment stated that defendant was receiving a true life sentence on Count 4. It then merged Counts 5 through 10 (aggravated murder and conspiracy to commit aggravated murder) into Count 4 *for sentencing purposes.* The court did not change the sentences on the remaining offenses, except that it merged Counts 15 through 17 (robbery) into Count 4 *for sentencing purposes.* The amended judgment also merged Counts 19 and 20 into Count 18 (burglary) *for sentencing purposes* and the sentence on Count 18 was concurrent with the sentence on Count 4.

On appeal, defendant asserts that the trial court erred in two respects. First, he argues that, on remand after the Supreme Court's reversal of three aggravated murder convictions, the trial court should have resentenced defendant, which necessarily includes holding a new sentencing proceeding so that both parties could present additional evidence and raise new arguments. At oral argument, and in a memorandum of additional authorities, defendant bolstered his argument regarding the need for a resentencing proceeding. Defendant was a juvenile at the time that he committed the crime, and he asserts that the United States Supreme Court's decision in *Miller v. Alabama/Jackson v. Hobbs*, 567 US ___, ___, 132 S Ct 2455, 2469, 183 L Ed 2d 407 (2012), in which the court held that "the Eighth Amendment forbids

a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders" affects this case.[1] The defendant in *Miller* was subject to a mandatory true life sentence, not a *presumptive* true life sentence like defendant received. The Court expressly stated in *Miller* that it was not deciding whether any true life sentence for a juvenile is *per se* unconstitutional, but it also stated:

> "Although we do not foreclose a sentencer's ability to make that judgment in homicide cases, we require it to take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison."

*Id.* In defendant's view, a resentencing proceeding is necessary so that he can argue under *Miller* that a true life sentence violates the Eighth Amendment.

Second, defendant argues that the court should have merged various guilty verdicts into fewer convictions, as required by our opinion in *Link I*. According to defendant, the amended judgment on remand still merges the various counts relating to murder and the various counts relating to burglary *for sentencing purposes* only.

We begin with defendant's latter challenge—*i.e.,* that the court failed to merge his guilty verdicts as required by the remand—because the state concedes error in that regard. The state's concession is well taken. We remanded for the trial court to merge defendant's separate adjudications of guilt for aggravated murder, conspiracy to commit aggravated murder, and attempted murder into a *single conviction* for aggravated murder; likewise, we remanded for merger of defendant's three separate adjudications of guilt for first-degree burglary into a single conviction. The trial court did not correct those errors on remand, and we again remand for merger of those guilty verdicts into single convictions for aggravated murder and first-degree burglary.[2]

---

[1] *Miller* was decided after the trial court sentenced defendant on remand from the Supreme Court.

[2] While our opinions at times refer to either a defendant's convictions merging or a defendant's guilty verdicts merging, the court in *State v. White*, 346 Or 275, 279 n 4, 211 P3d 248 (2009), explained that ORS 161.067, the anti-merger statute, applies to guilty verdicts and not convictions. "However, sentences never

We turn, then, to whether defendant was entitled to be resentenced on remand, including an opportunity to present new evidence and argument. When the Supreme Court reversed defendant's three convictions on Counts 1 through 3, ORS 138.222(5)(b) required that the entire case be "remanded for resentencing." Contrary to the state's suggestion, a remand for resentencing under ORS 138.222(5)(b) does not make a resentencing proceeding *optional* after some of the defendant's convictions have been reversed. *See* ORS 138.222(5)(b) ("If the appellate court, in a case involving multiple counts of which at least one is a felony, reverses the judgment of conviction on any count and affirms other counts, the appellate court *shall remand the case to the trial court for resentencing on the affirmed count or counts."* (Emphasis added.)). Rather, the court must resentence the defendant, even if it ultimately decides to impose an identical sentence on remand. Moreover, when a trial court sentences a defendant, the defendant is entitled to present evidence and argument pertaining to the resentencing proceeding.[3] *See generally State v. Herring*, 239 Or App 416, 244 P3d 899 (2010) (citing ORS 137.030(1) and Article I, section 11, of the Oregon Constitution, for the proposition that a felony defendant has a right to be present and a right to allocution during sentencing). Thus, we again remand for merger and resentencing.

Convictions on Counts 4 through 12 vacated and remanded for merger into a single conviction for aggravated murder; convictions on Counts 18 through 20 vacated and remanded for merger into a single conviction for first-degree burglary; remanded for resentencing; otherwise affirmed.

---

merge; sentences are either concurrent or consecutive." *State v. Colmenares-Chavez*, 244 Or App 339, 342 n 1, 260 P3d 667, *rev den*, 351 Or 216 (2011).

[3] Defendant is entitled to an opportunity to offer evidence and argument; the court, of course, is not obligated to disturb its previous penalty-phase determinations if it is not persuaded by that evidence and argument.