Argued and submitted September 28, 2015; remanded for resentencing, otherwise affirmed November 16, 2016

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**WENDELL KENNETH TATE,**
*Defendant-Appellant.*

Clackamas County Circuit Court
CR0700655; A155551

386 P3d 182

Marc D. Brown, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Sercombe, Presiding Judge, and Tookey, Judge, and DeHoog, Judge.*

_____
* DeHoog, J., *vice* Nakamoto, J. pro tempore.

**TOOKEY, J.**

We consider this case for the second time on appeal after we remanded the case in *State v. Tate*, 254 Or App 509, 295 P3d 683, *rev den*, 353 Or 562 (2013). Defendant raises four assignments of error concerning the penalty-phase proceeding of his trial and the sentence of life without parole imposed on remand. For the reasons that follow, we remand for resentencing and otherwise affirm.

The pertinent facts are mostly procedural and, for our purposes, undisputed. Defendant was indicted on one count of aggravated murder, ORS 163.095 (Count 1), one count of murder, ORS 163.115 (Count 2); and one count of burglary in the first degree, ORS 164.225 (Count 3). At the conclusion of the guilt phase of the trial, the jury found defendant guilty on all of the counts. In a separate penalty-phase proceeding, conducted pursuant to ORS 163.150, the state presented improper closing arguments, defendant objected, and the court sustained the objections and instructed the jury to disregard the prosecutor's comments. Defendant twice moved for a mistrial due to the prosecutor's improper rebuttal arguments. The trial court admonished the prosecutor for attempting to reargue the state's case instead of tying his arguments to defendant's closing arguments about the mitigating circumstances that justified a sentence of life with the possibility of parole. Ultimately, the trial court denied defendant's motions, stating that the prosecutor's "ineptness and inexperience is not a basis for a mistrial."

At the conclusion of the penalty-phase proceeding, the jury returned a special verdict rejecting the imposition of the death penalty or a sentence of life with the possibility of release or parole.[1] Accordingly, as required by ORS 163.105(1)(a) and ORS 163.150(2)(a), the trial court imposed a sentence of life imprisonment without the possibility of release or parole (true life).

---

[1] ORS 163.105(1)(a) provides, in part, that "when a defendant is convicted of aggravated murder as defined by ORS 163.095, the defendant shall be sentenced, pursuant to ORS 163.150, to death, life imprisonment without the possibility of release or parole or life imprisonment." ORS 163.150(1)(d) directs the jury to return a "special verdict" on which of those sentences the trial court shall impose.

Following the entry of the judgment, defendant filed a motion in arrest of judgment arguing that "a defendant who enters a person's dwelling to kill him and personally and intentionally kills the person is guilty of a homicide and a burglary but not aggravated murder or felony murder under the felony merger doctrine." The trial court granted the motion in arrest of judgment and vacated the original judgment of conviction for aggravated murder (Count 1) and the true life sentence. The court issued an amended judgment dismissing the charge of aggravated murder, and it imposed a mandatory 300 month sentence without the possibility of parole for murder (Count 2) under ORS 137.700. The state appealed, asserting that, in light of our decision in *State v. Dasa*, 234 Or App 219, 227 P3d 228, *rev den*, 349 Or 173 (2010), the trial court erred in granting defendant's motion in arrest of judgment and in vacating the original judgment with the aggravated murder conviction and sentence of true life. *Tate*, 254 Or App at 510.[2] Defendant cross-appealed, raising seven assignments of error regarding the guilt phase of his trial. *Id.* In a per curiam opinion, we agreed with the state that *Dasa* controlled and rejected all of defendant's assignments of error on cross-appeal without discussion. *Id.* After we issued our opinion and the Supreme Court denied review, we issued our appellate judgment. The terms of the judgment were identical to the disposition of our opinion: "On appeal, order arresting judgment on Count 1 reversed and remanded, amended judgment vacated and remanded with instructions to reinstate conviction for aggravated murder, and for resentencing; on cross-appeal, affirmed." *Id.*

On remand, defendant sought a new sentencing proceeding under ORS 138.222(5), contending that he should be able to present arguments relating to the true life sentence being imposed.[3] Defendant argued that (1) the state

---

[2] *Dasa* held that "[t]he operative intent in committing the predicate felony of burglary is functionally and analytically distinct from whether any killing that occurs 'in the course of and in furtherance of' that burglary was committed 'personally and intentionally.'" Thus, there is no "improper 'double dipping' of [a] defendant's operative intent." 234 Or App at 240.

[3] ORS 138.222(5)(a) provides, in part:

"If the appellate court determines that the sentencing court, in imposing a sentence in the case, committed an error that requires resentencing, the appellate court shall remand the entire case for resentencing. The sentencing court may impose a new sentence for any conviction in the remanded case."

had improperly used victim impact evidence to argue the comparative worth of the victim and defendant; (2) the court erred when it allowed the prosecutor to make improper closing arguments during the penalty-phase proceeding; (3) ORS 163.150(2) is facially unconstitutional because it shifts the burden to the defendant to present sufficient mitigating circumstances to allow the jurors to make a further finding before imposing a life sentence with the possibility of release or parole; (4) ORS 163.150(2)(a) is facially unconstitutional due to vagueness; and (5) ORS 163.150 is unconstitutional as applied to defendant.[4]

The state responded that the trial court could impose only the true life sentence that it had originally imposed in accordance with the jury's special verdict on the aggravated murder charge under ORS 163.150(1)(b) and ORS 163.150(2)(a). The state further argued that if this court had intended for the defendant to receive a new penalty-phase proceeding on remand this court "would have made it explicit in [our] order to allow for a new hearing." The state also asserted that ORS 138.222(5)(a) would not allow the trial court to hold a new sentencing proceeding on remand in this case because that statute requires us to "remand the entire case for resentencing" only if we determine that the trial court "in imposing a sentence in the case, committed an error that requires resentencing," and, in this case, the true life sentence for aggravated murder had not been imposed.

---

ORS 138.222(5)(b) provides:

"If the appellate court, in a case involving multiple counts of which at least one is a felony, reverses the judgment of conviction on any count and affirms other counts, the appellate court shall remand the case to the trial court for resentencing on the affirmed count or counts."

[4] ORS 163.150(1)(b) requires the court to submit certain issues to the jury to determine "whether the defendant should receive a death sentence." ORS 163.150(2)(a) provides:

"Upon the conclusion of the presentation of the evidence, the court shall also instruct the jury that if it reaches a negative finding on any issue under subsection (1)(b) of this section, the trial court shall sentence the defendant to life imprisonment without the possibility of release or parole, as described in ORS 163.105(1)(b), unless 10 or more members of the jury further find that there are sufficient mitigating circumstances to warrant life imprisonment [with the possibility of release or parole], in which case the trial court shall sentence the defendant to life imprisonment as described in ORS 163.105(1)(c)."

The trial court ruled that it did not have the authority to hold a new penalty-phase proceeding or reach the other issues raised by defendant at the resentencing proceeding. The court concluded:

"[T]he Court of Appeals returned this case to the Clackamas County Circuit Court for resentencing. And in this case, resentencing means reinstating the aggravated murder conviction and the sentence. The Court does not believe that this allows for a new sentencing hearing. It does not allow for the impaneling of a new jury to decide *** the sentence. But instead, the jury that heard the trial in 2009 and the penalty—both phases of the trial in 2009, that that jury's decision should be reinstated and followed.

"So there are certain issues that have been raised by the defense, and those issues include the fact that there was an improper argument [during] the penalty-phase in which there was, as argued by the defense, improper victim impact evidence with a comparison of the victim's life with the defendant's; that there were improper closing arguments by the State; that there is essentially a shifting of the burden of proof to the defense to show that the defendant is entitled to a life sentence with the possibility of parole, and that the requirement of mitigating circumstances in order to reach such a sentence is vague.

"And then today additionally the argument has been made that a life sentence is unconstitutional as applied to Mr. Tate. And even if this court felt that there was authority to reach those issues, I don't believe that those are a sufficient basis to overturn the jury's decision that a true life sentence is appropriate.

"So to sum up, I do not believe this court has the authority to do anything other than reinstate the aggravated murder sentence. And accordingly, that will be the judgment in this case.

"So as to aggravated murder, the sentence will be a life sentence without the possibility of parole and the judgment can be prepared *** to make clear that that is without the possibility of eligibility for alternative programs."

In his first assignment, defendant argues that the trial court erred by "denying defendant's request for a new

sentencing proceeding wherein he could present further evidence and argument, * * * ignor[ing] this court's remand order[,] and deny[ing] defendant his statutory right to a new sentencing proceeding under ORS 138.222(5)." The state responds that "under this court's previous remand order and 'law of the case' principles, the trial court had no authority to vacate the jury's penalty-phase verdict and order a retrial of the penalty-phase." At oral argument before this court, defendant acknowledged that he was not "arguing that automatically it should have gone back for a whole new penalty-phase" proceeding, but contended that the trial court erred by not allowing him to present his additional arguments at the resentencing proceeding.

Whether a defendant is entitled to an opportunity to present new argument at a resentencing proceeding presents a legal question and, thus, we review for errors of law. *See State v. Link*, 260 Or App 211, 217, 317 P3d 298 (2013) (applying that standard). Defendant's contention that he is entitled to an opportunity to present new arguments at resentencing centers on the application of ORS 138.222(5)(a).

ORS 138.222(5)(a) provides:

"The appellate court may reverse or affirm the sentence. If the appellate court concludes that the trial court's factual findings are not supported by evidence in the record or do not establish substantial and compelling reasons for a departure, it shall remand the case to the trial court for resentencing. *If the appellate court determines that the sentencing court, in imposing a sentence in the case, committed an error that requires resentencing, the appellate court shall remand the entire case for resentencing.* The sentencing court may impose a new sentence for any conviction in the remanded case."

(Emphasis added).

The third sentence of ORS 138.222(5)(a) has been construed by the Supreme Court to apply "to all errors for which review is authorized by ORS 138.222(3) and (4)." *State v. Edson*, 329 Or 127, 138-39, 985 P2d 1253 (1999). As relevant here, ORS 138.222(4)(a) provides that "[i]n any appeal, the appellate court may review a claim that * * *

[t]he sentencing court failed to comply with requirements of law in imposing or failing to impose a sentence[.]" We have construed the "failing to impose" provision of ORS 138.222(4)(a) to permit "this court to review a sentencing issue when the sentence that was imposed was an authorized sentence, but the trial court is asserted to have erroneously determined that the defendant was not eligible for a different, also authorized, sentence." *State v. Arnold*, 214 Or App 201, 212, 164 P3d 334 (2007).

When the trial court erroneously granted defendant's motion in arrest of judgment on the aggravated murder conviction, the court failed "to impose" the true life sentence authorized by the jury's special verdict. ORS 138.222(4)(a). That error affected the sentence being imposed and required a new sentencing proceeding under ORS 138.222(5)(a). Plenary resentencing under ORS 138.222(5)(a) was necessary so the trial court could reinstate the true life sentence and resentence defendant "on each surviving count of conviction." *See State v. Zolotoff*, 275 Or App 384, 386, 365 P3d 131 (2015) ("[W]hen this court orders a 'remand for resentencing' without expressly limiting the scope of remand, the trial court *must* resentence the defendant on each surviving count of conviction, and it *may* change the terms of the defendant's sentences, so long as the newly imposed sentences are lawful." (Emphases in original.)).

Moreover, the court needed to resentence defendant pursuant to ORS 138.222(5)(a) so it could properly merge the guilty verdicts on the predicate felony counts into a single aggravated murder conviction. *See State v. Lopez-Delgado*, 223 Or App 752, 755-56, 196 P3d 104 (2008) (trial court erred in not merging the guilty verdicts on the predicate burglary count and murder count into a single aggravated murder conviction); *State v. Bradley*, 281 Or App 696, 705, 383 P3d 937 (2016) (a merger claim is congruent with the scope of issues that pertain to a resentencing proceeding under ORS 138.222(5)(a)). Additionally, "we have held on numerous occasions that we need not address each and every assignment of error pertaining to sentencing on appeal if we conclude that one of the errors is an error that requires plenary resentencing under ORS 138.222(5)." *State v. Hollingquest*, 241 Or App 1, 5, 250 P3d 366 (2011) (collecting cases). That

is why we declined to "address the state's sentencing-related assignment of error" in *Tate*. 254 Or App at 510 n 1.

When we order resentencing pursuant to ORS 138.222(5), the defendant is entitled to present evidence pertaining to the resentencing proceeding. *Link*, 260 Or App at 217. In cases such as this, where we order resentencing and a jury has previously made penalty-phase determinations, the defendant is entitled to an opportunity to present argument to the court that pertains to the sentence being imposed. Thus, ORS 138.222(5)(a) applies and, as a result, the trial court erred when it concluded that our remand order would not allow it to consider defendant's arguments pertaining to the true life sentence being imposed at the resentencing proceeding.[5]

Remanded for resentencing; otherwise affirmed.

---

[5] Our resolution of defendant's first assignment of error and remand for plenary resentencing obviates the need to address defendant's third and fourth assignments of error. Additionally, we need not address the state's arguments concerning waiver and preservation. We reject defendant's second assignment of error without discussion.