Submitted May 28, reversed and remanded for entry of corrected judgment reflecting merger of burglary conviction (Count 7) into murder conviction (Count 5), merger of murder conviction (Count 5) into aggravated murder conviction (Count 1), and merger of murder conviction (Count 6) into aggravated murder conviction (Count 2); otherwise affirmed November 12, 2008

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## EMANUEL LOPEZ-DELGADO,
*Defendant-Appellant.*

Marion County Circuit Court
05C45367; A131846

196 P3d 104

Peter Gartlan, Chief Defender, and Shawn Wiley, Senior Deputy Public Defender, Legal Services Division, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Rolf C. Moan, Assistant Attorney General, filed the brief for respondent.

Before Brewer, Chief Judge, and Ortega, Judge, and Carson, Senior Judge.

ORTEGA, J.

**ORTEGA, J.**

Defendant appeals a judgment of conviction and sentence for two counts of aggravated murder, ORS 163.095; two counts of murder, ORS 163.115; and one count of first-degree burglary, ORS 164.225. He contends that his convictions for murder merge into his convictions for aggravated murder and that his conviction for burglary merges into his convictions for murder. We reverse and remand.

All of defendant's convictions arise from a single episode. Defendant admitted that he and Perez, intending to commit theft, unlawfully entered a home. In the course of that burglary, Perez intentionally shot and killed Gale Goode and Becky Goode. Defendant pleaded guilty to the aggravated murder (Count 1) and murder (Count 5) of Gale Goode; the aggravated murder (Count 2) and murder (Count 6) of Becky Goode; and first-degree burglary (Count 7).

In the trial court, defendant contended, and the state disputed, that Counts 5 and 6 (murder) merge with Counts 1 and 2 (aggravated murder). The dispute focused on ORS 161.067(1), which provides, "When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations." ORS 163.095 provides, in part, that " 'aggravated murder' means murder as defined in ORS 163.115 which is committed under, or accompanied by, any of the following circumstances[.]"

Defendant's argument in the trial court was that, under ORS 161.067(1), his convictions merge because murder and aggravated murder are part of a single statutory provision. The state contended that defendant had violated two statutory provisions and that each required proof of an element that the other did not. The trial court declined to merge the convictions, concluding that defendant's conduct violated two or more statutory provisions and that, "as charged by the state, the aggravated and felony murder charges each require proof of an element that the other does not."

■     On appeal, defendant continues to argue for merger, but he asserts a different argument in support of that position. In his first and second assignments of error, defendant contends that "[m]urder is clearly a lesser-included offense to aggravated murder" because the aggravated murder statute incorporates the murder statute. The state responds that defendant failed to preserve that argument, having argued below only that murder and aggravated murder are part of the same statutory provision. In any event, the state contends, each murder count required proof of an element that each aggravated murder count did not, and vice versa.

We conclude that defendant adequately raised the broad legal issue of whether merger was required under ORS 161.067(1). Although he no longer contends that the conduct at issue "violates two or more statutory provisions," contending instead that "each provision requires proof of an element that the others do not," that change in emphasis amounts to an alternative legal argument in support of the same broader legal issue. *See Gadda v. Gadda,* 341 Or 1, 7, 136 P3d 1099 (2006) (concluding that "the broad legal issue" was whether the appellant had served the respondent by legally sufficient means and that sufficiency of service by mail or by delivery were alternative arguments encompassed by that broader legal issue; noting that "the same two sources of law are at issue in both arguments"); *see also State v. Smith,* 184 Or App 118, 122, 55 P3d 553 (2002) (noting that "ordinary rules of preservation are somewhat more lax when the case turns on the applicability and construction of a statute"). Accordingly, the issue was preserved.

■■     We turn to the merits. ORS 161.067(1) requires two separate inquiries: (1) whether a defendant's conduct violated two or more statutory provisions, and (2) whether each such provision requires proof of an element that the others do not. *State v. Barrett,* 331 Or 27, 32, 10 P3d 901 (2000). For the second inquiry, we examine the statutory elements of each offense, not the factual circumstances contained in the indictment. *State v. Walraven,* 214 Or App 645, 653-54, 167 P3d 1003 (2007), *rev den,* 344 Or 280 (2008).

■     The defendant in *Walraven* was convicted of both the murder and the aggravated murder of a single victim. Concluding that the murder conviction merged into the aggravated murder conviction, we explained:

> "With the inquiry properly so framed—*i.e.*, that we look solely at the provisions of ORS 163.095 and ORS 163.115, rather than at the particular factual circumstances pleaded in this case, the resolution is straightforward. ORS 163.115 does not require proof of any element that ORS 163.095 does not. That is so because, under ORS 163.095, *any* type of murder defined in ORS 163.115 may serve as the basis for an aggravated murder conviction. Bluntly: 'murder'—in *any* form—is an element of aggravated murder.

> "* * * [D]efendant's single resulting murder conviction must then merge into his single resulting aggravated murder conviction under the *second* prong of the *Barrett* test, because a conviction for murder under ORS 163.115 does not require proof of any element that a conviction for aggravated murder under ORS 163.095 does not."

*Walraven*, 214 Or App at 654 (emphasis in original). Likewise here, as to each victim, defendant's murder conviction merges into his aggravated murder conviction.

     Defendant also contends, in his third assignment of error, that the trial court erred by failing to merge the burglary count with the murder counts. The state concedes that the error is apparent and that we should exercise our discretion to review it. We accept that concession and exercise our discretion for the reasons stated in *State v. Valladares-Juarez*, 219 Or App 561, 564-65, 184 P3d 1131 (2008).

     Reversed and remanded for entry of corrected judgment reflecting merger of burglary conviction (Count 7) into murder conviction (Count 5), merger of murder conviction (Count 5) into aggravated murder conviction (Count 1), and merger of murder conviction (Count 6) into aggravated murder conviction (Count 2); otherwise affirmed.