PER CURIAM
*435 Petitioner appeals from a judgment dismissing his petition for post-conviction relief. The post-conviction court concluded that the superintendent was entitled to summary judgment on the ground that, as a matter of law, petitioner's convictions did not merge and, thus, petitioner was not prejudiced by his counsel's failure to object to the nonmerged sentences on the counts of attempted aggravated murder with a firearm, ORS 163.095(2)(d) (aggravated murder); ORS 161.405(2)(a) (attempt), and first-degree robbery with a firearm, ORS 164.415. We affirm.
Petitioner contends that the post-conviction court erred because first-degree robbery is a lesser-included offense of attempted aggravated felony murder such that the former merges into the latter. In contending otherwise, the superintendent asserts that the trial court correctly granted summary judgment because State v. Barrett , 331 Or. 27, 10 P.3d 901 (2000), established that an underlying felony is not an element of an associated felony murder offense, meaning that petitioner's robbery offense was not subsumed by his attempted aggravated murder conviction. Furthermore, even if the underlying felony was an element, the state contends that the offenses still would not merge because petitioner's robbery was a completed offense, whereas his attempted aggravated murder conviction only required proof of attempted robbery. We agree with the superintendent.
Petitioner's argument fails because his robbery conviction was not an element of his attempted aggravated murder conviction. See Barrett , 331 Or. at 34 n. 2, 10 P.3d 901 (stating that underlying felony is not element of aggravated felony murder); see also State v. Martinez , 270 Or. App. 423, 430 n. 4, 348 P.3d 285, rev. den. , 357 Or. 640, 360 P.3d 523 (2015) (applying Barrett 's analysis that underlying *977 felony is not element of associated aggravated murder offense); State v. Wilson , 216 Or. App. 226, 236-37, 173 P.3d 150, rev. den. , 334 Or. 391, 181 P.3d 770 (2008), adh'd to as modified on recons. , 228 Or. App. 365, 208 P.3d 523 (2009) (same).[1] Moreover, Barrett aside, petitioner's completed *436 robbery conviction could not merge with his attempted aggravated murder conviction. Wilson , 216 Or. App. at 236, 173 P.3d 150 (holding that underlying felonies, kidnapping and assault, did not merge into associated felony murder because former offenses "require proof of the completed crimes of kidnapping and assault" whereas "attempted aggravated murder, under any theory, does not require such proof").[2]
Accordingly, we agree with the post-conviction court that relief was not warranted, because petitioner's foundational premise-that the sentencing court was required to merge petitioner's convictions-is incorrect as a matter of law. It follows that the trial court did not err in entering summary judgment in favor of the superintendent.
Affirmed.

We have understood Barrett to have implicitly overruled the Supreme Court's earlier holding in State v. Tucker , 315 Or. 321, 845 P.2d 904 (1993), that robbery is a lesser-included offense of aggravated murder and thus should merge. See Walton v. Thompson , 196 Or. App. 335, 338 n. 2, 102 P.3d 687 (2004), rev. den. , 338 Or. 375, 110 P.3d 114 (2005).

Although petitioner relies on more recent decisions of this court such as State v. Tate , 282 Or. App. 320, 326, 386 P.3d 182 (2016), and State v. Lopez-Delgado , 223 Or. App. 752, 756, 196 P.3d 104 (2008), those cases are inapposite because they only involved completed offenses. Moreover, in Lopez-Delgado , the state conceded that the trial court erred by failing to merge the offenses, and the court accepted that concession without further discussion. 223 Or. App. at 756, 196 P.3d 104.