Argued and submitted May 7, 2019; decision of Court of Appeals reversed, judgment of circuit court reversed, and case remanded to circuit court for further proceedings February 21, 2020

PEDRO MARTINEZ,
*Petitioner on Review,*

*v.*

Brad CAIN,
Superintendent,
Snake River Correctional Institution,
*Respondent on Review.*

(CC CV160282) (CA A163992) (SC S066253)

458 P3d 670

Petitioner had been convicted and given separate sentences for (among other things) first-degree robbery and attempted aggravated felony murder based on the predicate felony of first-degree robbery. He sought post-conviction relief, contending that his counsel had been constitutionally inadequate by failing to argue that those crimes should be merged. The post-conviction court granted summary judgment against petitioner, concluding that he had not been prejudiced by his counsel's failure to object, because as a matter of law the sentences would not merge. A majority of the Court of Appeals panel affirmed, with one judge dissenting. On review, the question was whether (if counsel had objected) petitioner's convictions should have been merged under ORS 161.067(1), a statute that requires merger of convictions unless "each [criminal] provision requires proof of an element that the other does not." *Held*: (1) Felony murder expressly incorporates other crimes (the predicate felonies) to which additional elements are then added (among other things, the death of a nonparticipant in the predicate felony); (2) one of the predicate felonies is first-degree robbery, either completed or attempted; (3) to avoid merger under ORS 161.067(1), the robbery count had to require proof of an element that felony murder did not; (4) because both counts against petitioner rested on the same factual robbery, the state's proof of (attempted aggravated) felony murder based on that first-degree robbery—whether it was completed or attempted—necessarily meant that the state would have proved every element of first-degree robbery, whether completed or attempted; and (5) because the robbery count did not require proof of an element that the attempted aggravated felony murder count did not, the counts should have been merged on proper objection.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.

En Banc

On review from the Court of Appeals.*

_____

\* On appeal from Umatilla County Circuit Court, Eva J. Temple, Judge. 293 Or App 434, 428 P3d 976 (2018).

Lindsey Burrows, O'Connor Weber LLC, Portland, argued the cause and filed the briefs for petitioner on review.

Doug M. Petrina, Assistant Attorney General, Salem, argued the cause and filed the brief for respondent on review. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Erik M. Blumenthal, Portland, filed the brief for *amicus curiae* Oregon Justice Resource Center.

NELSON, J.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.

**NELSON, J.**

The case before us presents an issue of criminal law in the procedural context of a post-conviction relief proceeding. Petitioner had been convicted and given separate sentences for (among other things) attempted aggravated murder and first-degree robbery. He sought post-conviction relief, contending that his counsel had been constitutionally inadequate by failing to argue that those crimes should be merged. The post-conviction court granted summary judgment against petitioner, concluding that he had not been prejudiced by his counsel's failure to object, because as a matter of law the sentences would not merge. A majority of the Court of Appeals panel affirmed, with one judge dissenting. *Martinez v. Cain*, 293 Or App 434, 428 P3d 976 (2018).

On review, the question before us is whether petitioner's convictions should have been merged under ORS 161.067(1). For the reasons that follow, we reverse the decisions of the Court of Appeals and post-conviction court.

## I.   FACTS

A.   *Underlying Criminal Conviction*

The underlying historical facts are undisputed for our purposes, and we take them from the Court of Appeals' opinion in petitioner's direct criminal appeal, *State v. Martinez*, 270 Or App 423, 348 P3d 285, *rev den*, 357 Or 640 (2015). Petitioner had approached the victim, who was sitting in a car.

> "[Petitioner], who was 'playing with' a gun, asked the victim for his wallet. The victim refused. [Petitioner] then asked the victim to get out of his car, and the victim refused that request, too, saying 'you ain't getting my wallet and you ain't getting my car.' [Petitioner] said, 'Well, then I'm going to have to shoot you.' As the victim tried to drive away, [petitioner] did just that, shooting the victim once in the arm. The victim testified that his car already was moving when [petitioner] fired; the victim believes that it is possible that the car bumped [petitioner's] hand, causing him to lose some control of the gun when he pulled the trigger. The victim drove the short distance to his home and called 9-1-1. He was transported to a hospital. A doctor who treated the victim testified that the bullet broke the victim's arm and fragments traveled into the victim's chest area, coming

within an inch of multiple blood vessels. Had the bullet hit one of the major arteries, the victim probably would have died within 10 minutes if he had not received medical care."

*Id*. at 425.

Petitioner was indicted on several counts, though the only counts relevant here charged petitioner with first-degree robbery and attempted aggravated felony murder. Before continuing, we offer a brief description of the crimes with which petitioner was charged.

We begin with felony murder. Briefly, a defendant commits felony murder when he or she either commits or attempts to commit one of a listed set of felonies (predicate felonies), and either the defendant or another participant in the crime causes the death of the victim. *See* ORS 163.115 (1)(b) (2011).[1] One of the predicate felonies for felony murder is first-degree robbery. ORS 163.115(1)(b)(G) (2011) provided, in part:

> "(1)   Except as provided in ORS 163.118 and 163.125, criminal homicide constitutes murder:
>
> "* * * * *
>
> "(b)   When it is committed by a person, acting either alone or with one or more persons, who commits or attempts to commit any of the following crimes and in the course of and in furtherance of the crime the person is committing or attempting to commit, or during the immediate flight therefrom, the person, or another participant if there be any, causes the death of a person other than one of the participants:
>
> "* * * * *
>
> "(G)   Robbery in the first degree as defined in ORS 164.415[.]"

As relevant to the superintendent's argument here, it is important to note that a defendant may commit felony murder even though the defendant did not complete the underlying felony. That is, the statute will apply if the

---

[1] The legislature has since substantially amended both ORS 163.115, defining felony murder, and ORS 163.095, defining aggravated murder. *See* Or Laws 2019, ch 635, §§ 1-4. Those changes are not relevant to the analysis of whether petitioner's trial counsel may have been constitutionally inadequate at the time of his trial. Our discussion of those statutes will refer to the versions in effect when petitioner committed his crimes in 2012.

defendant only attempted to commit a predicate felony. ORS 163.115(1)(b) (2011) (statute applies when person "commits or attempts to commit" any of the predicate felonies). A defendant attempts to commit a crime when he or she intentionally takes a substantial step toward committing a crime. *See* ORS 161.405(1).[2]

At the time petitioner committed his crimes, felony murder could become elevated to aggravated murder. That could occur when the defendant's conduct not only met the requirements for felony murder, but the defendant also personally and intentionally killed the victim. *See* ORS 163.095(2)(d) (2011), which provided, in part:

> "As used in ORS 163.105 and this section, 'aggravated murder' means murder as defined in ORS 163.115 which is committed under, or accompanied by, any of the following circumstances:
>
> "* * * * *
>
> "[(2)](d) Notwithstanding ORS 163.115(1)(b), the defendant personally and intentionally committed the homicide under the circumstances set forth in ORS 163.115(1)(b)."

Throughout this opinion, we will refer to that as "aggravated felony murder," although the statutes drew no such terminological distinction.

As noted, the indictment against petitioner charged him with first-degree robbery and attempted aggravated felony murder. The attempted aggravated felony murder charge relied on the first-degree robbery charge, specifically alleging that petitioner had attempted, personally and intentionally, to kill the victim while in the course of committing, or attempting to commit, first-degree robbery.[3]

---

[2] ORS 161.405 provides that "[a] person is guilty of an attempt to commit a crime when the person intentionally engages in conduct which constitutes a substantial step toward commission of the crime."

[3] The indictment provided as follows:

"COUNT 1

"ATTEMPTED AGGRAVATED MURDER WITH A FIREARM

"The said [petitioner], on or about June 11, 2012, in the County of Multnomah, State of Oregon, did unlawfully and intentionally commit and attempt to commit the crime of Robbery in the First Degree and in the course of and in the furtherance of the crime that [petitioner] was committing and attempting to commit, [petitioner] personally and intentionally attempted to

Petitioner was found guilty on both counts, and the trial court entered separate convictions for the first-degree robbery count and the attempted aggravated felony murder count.

Petitioner's trial counsel did not object or argue that the trial court should have merged the convictions under ORS 161.067, which governs merger. That statute sets out when a trial court may enter separate convictions sentences if a defendant has violated multiple statutory provisions as part of the same conduct or criminal episode. Specifically, the relevant subsection of that statute, ORS 161.067(1), provides:

> "When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations."

As noted, petitioner's trial counsel failed to argue that the requirements of the statute had not been satisfied and, therefore, that the first-degree robbery count should have been merged into the attempted aggravated murder count. If ORS 161.067(1) applied and did not require separate convictions, then petitioner would only have been convicted on the attempted aggravated felony murder count. The first-degree robbery count would have merged into that count.

In the absence of any objection, however, the trial court entered a judgment of conviction showing separate

---

cause the death of [the victim], a human being who was not a participant in the crime, and during the commission of this felony, the [petitioner] used and threatened the use of a firearm, contrary to the statutes in such cases made and provided and against the peace and dignity of the State of Oregon[.]

"COUNT 2

"ROBBERY IN THE FIRST DEGREE WITH A FIREARM

"The said [petitioner], on or about June 11, 2012, in the County of Multnomah, State of Oregon, did unlawfully and knowingly, while in the course of committing and attempting to commit theft, with the intent of preventing and overcoming resistance to [petitioner's] taking of property and retention of the property immediately after the taking, and being armed with a deadly weapon, use and threaten the immediate use of physical force upon [the victim], contrary to the statutes in such cases made and provided and against the peace and dignity of the State of Oregon[.]

"The state further alleges that during the commission of this felony the [petitioner] used and threatened the use of a firearm."

convictions for both first-degree robbery and attempted aggravated felony murder. The court imposed sentences on each of those counts, making 45 months of the first-degree robbery sentence run consecutive to the attempted aggravated murder sentence.[4]

Petitioner raised the merger issue in the Court of Appeals, but the court rejected that assignment of error as unpreserved. *See Martinez*, 270 Or App at 424. The court otherwise affirmed petitioner's convictions and sentences.

B.  *Post-Conviction Proceedings*

Petitioner then sought post-conviction relief, alleging that his trial counsel had been inadequate in (among other things) failing to object to the trial court's failure to merge the guilty verdict on the first-degree robbery count into the guilty verdict on the attempted aggravated felony murder count. The superintendent moved for summary judgment. He argued that petitioner had not been prejudiced by his counsel's failure to object because the two counts would not merge as a matter of law. In doing so, he presented two slightly different arguments under ORS 161.067(1).

As noted, ORS 161.067(1) requires the trial court to enter separate convictions if "each provision requires proof of an element that the others do not." The superintendent asserted that aggravated felony murder and first-degree robbery each had elements that the other did not. Attempted aggravated felony murder included the element of personally and intentionally attempting to cause the victim's death, an element not found in first-degree robbery. First-degree robbery, on the other hand, had an element not required for attempted aggravated felony murder: completion of the robbery. That is, a jury could convict a defendant of attempted aggravated felony murder for having only attempted the robbery, but it could not convict the defendant of first-degree robbery unless the robbery had been completed.

In support, the superintendent also relied on a footnote in *State v. Barrett*, 331 Or 27, 10 P3d 901 (2000). Applying *former* ORS 161.062(1)—a statute essentially

---

[4] Specifically, the court sentenced petitioner to 120 months for attempted aggravated murder and 90 months for first-degree robbery, with 45 months of the robbery sentence to run consecutively to the attempted aggravated murder sentence.

identical to the merger statute at issue here[5]—this court stated in a footnote that the trial court could enter separate convictions for aggravated felony murder and the underlying predicate felonies:

> "[A] separate conviction could be entered on the robbery charge on remand. Robbery and aggravated murder clearly are set out in two different statutory provisions, ORS 164.415 and ORS 163.095. Moreover, in light of our conclusion that the various aggravating circumstances are not 'elements' for purposes of *former* ORS 161.062(1) but, rather, alternative ways of proving the element of aggravation, the statutory provisions penalizing robbery and aggravated murder each involve an element that the other does not and address separate legislative concerns. Accordingly, for purposes of *former* ORS 161.062(1), we do not view robbery as a lesser-included offense to the aggravated-murder charge."

*Id*. at 37 n 4. Although *Barrett* did not depend on the distinction between a completed and attempted predicate felony, it stated, more broadly, that predicate felonies were not themselves elements of aggravated felony murder, but were "alternative ways of proving" a single element of aggravation.

In response to the superintendent's argument in the Court of Appeals, petitioner argued that the statement in *Barrett* was *dictum*. The correct rule, petitioner contended, was that articulated by this court in *State v. Tucker*, 315 Or 321, 845 P2d 904 (1993). In that case, the defendant had been convicted of (among other things) two counts of aggravated felony murder against each of the two victims, one based on the underlying felony of robbery, the other based on the underlying felony of burglary. *See id*. at 323-24; *id*. at 323 n 1. The trial court had merged the aggravated felony murder counts together, but it had not merged the underlying robbery and burglary counts into those aggravated felony murder counts. *Id*. at 324-25. This court, applying *former* ORS 161.062, held that "robbery and burglary were lesser included offenses of aggravated felony murder." *Id*. at

---

[5]  *Former* ORS 161.062(1) was repealed by Or Laws 1999, ch 136, § 1. We have described it as the "not quite identical twin" of ORS 161.067(1). *State v. Crotsley*, 308 Or 272, 276 n 3, 779 P2d 600 (1989). "Given their shared history, this court has treated *former* ORS 161.062 and ORS 161.067 as essentially interchangeable." *State v. Gensitskiy*, 365 Or 263, 291, 446 P3d 26 (2019).

331. Therefore, this court held, the trial court had erred in not merging those counts. *Id.*

The superintendent responded that *Tucker* had been overruled by *Barrett*, and the post-conviction court ultimately agreed. It granted the superintendent summary judgment.

Petitioner appealed to the Court of Appeals, which affirmed in a split decision. *Martinez*, 293 Or App 434. As relevant here, the majority concluded that the footnote from *Barrett* controlled: a predicate felony is not an element of aggravated felony murder. *Id.* at 435. The majority also agreed with the superintendent that the requirements of ORS 161.067(1) were not met, because the two crimes each required proof of an element that the other did not: attempted aggravated felony murder does not require proof of a *completed* first-degree robbery—attempt being sufficient—while first-degree robbery does require proof of a completed robbery. *Id.* at 435-36. Accordingly, the majority agreed that the post-conviction court had been correct: the two counts could not merge as a matter of law, so petitioner was not prejudiced by his counsel's failure to object. *See id.* at 435.

Senior Judge Brewer dissented, concluding that the majority was incorrect in its merger analysis. He argued that the *Barrett* footnote was inaccurate and should be reconsidered. *Id.* at 440-43. He also would have concluded that ORS 161.067(1) required merger. The relevant requirement of ORS 161.067(1) was whether each crime required proof of at least one element that the other did not. 293 Or App at 444-45. The dissent rejected the superintendent's contention that felony murder and first-degree robbery had different elements because felony murder could be proved by evidence of an attempt to commit first-degree robbery. *See id.* at 445-46. While it was theoretically possible to prove felony murder by proving an attempt to commit a predicate felony, "where a completed predicate felony is proved, it has no element that is not subsumed in an attempted aggravated felony murder conviction based on that completed felony." *Id.* at 449 (footnote omitted). Because the dissent concluded that first-degree robbery did not require proof of an element

that attempted aggravated felony murder did not, the trial court should have merged the first-degree robbery conviction into the attempted aggravated felony murder conviction. *Id*. at 447-49.

Petitioner sought review, which we allowed.

## II.   DISCUSSION

A.   *Requirements of ORS 161.067(1)*

As noted, the issue here involves whether—assuming that petitioner's trial counsel had invoked ORS 161.067(1)—that statute would have prohibited the trial court from entering separate convictions against petitioner for both attempted aggravated felony murder and first-degree robbery. Again, the relevant text of that statute provides:

"When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations."

Textually, ORS 161.067(1) authorizes separately punishable offenses when three conditions are met: (1) the defendant's actions qualify as the same conduct or criminal episode; (2) the defendant's actions violate more than one separate statutory provision; and (3) each separate statutory provision requires proof of an element that the other provision(s) do not. *See State v. Crotsley*, 308 Or 272, 278, 779 P2d 600 (1989). The parties in this case do not dispute that the first two requirements are met: petitioner, in a single criminal episode, violated two or more statutory provisions.

The only statutory requirement at issue here is the third: whether each separate statutory provision requires proof of an element that the others do not. It is not enough to show that one offense has an element that the other does not; the other offense also must have an element that the first does not. *See State v. Blake*, 348 Or 95, 99, 228 P3d 560 (2010) ("if one offense contains X elements, and another offense contains X + 1 elements, the former offense does not contain an element that is not also found in the latter

offense"). In short, the requirement is met, and the offenses will not merge, only if each statutory offense at issue has a unique element not in common with the other offenses.

B.  *Robbery Count Did Not Require Element Not Found in Aggravated Felony Murder Count*

The primary point of contention in this case turns on felony murder and its relationship to the predicate crimes for felony murder. Accordingly, we begin there.

Felony murder was defined in ORS 163.115(1)(b) (2011) in a way differently from most other crimes. Ordinarily, a statute defining a crime sets out a series of elements; when the elements are met, the crime has been proved. The statute defining felony murder varies that by expressly incorporating other crimes (the predicate felonies) to which additional elements are then added (the death of a nonparticipant in the predicate felony, and a particular relationship between that death and the commission of the felony). *Id*. The list of predicate felonies is lengthy and includes both the completed and attempted versions.[6]

First-degree robbery is one of the predicate offenses of felony murder, whether it is completed or only attempted. ORS 163.115(1)(b)(G) (2011). Therefore, felony murder predicated on a first-degree robbery will encompass all the elements of first-degree robbery. That is not only true for a completed robbery, but also for an attempted robbery. To prove felony murder based on a completed first-degree robbery, the state definitionally must prove every element of a completed robbery. To prove felony murder based on an attempted first-degree robbery, the state definitionally must prove every element of an attempted robbery. Whether the robbery was completed or attempted, then, there is no element of the robbery count that would not have to be proved in the felony murder count.

In this case, the superintendent does not dispute that both the attempted aggravated felony murder count and the first-degree robbery count pleaded the same factual robbery. The robbery alleged in the second count of the

---

[6]  When *Barrett* was decided, it calculated over 30 possible predicate felonies. *See* 331 Or at 34 n 2 (apparently including the attempt versions of the predicates).

indictment was the same robbery that served as a predicate felony for the attempted aggravated felony murder charge in the first count.

We emphasize that here, because the outcome would be different were that not true. If a defendant had been charged with one crime (*e.g.*, burglary), but also charged with felony murder based on a different predicate felony (*e.g.*, first-degree kidnapping, *see* ORS 163.115(1)(b)(F) (2011)), then the two crimes would have different elements, and the convictions would not merge.

Here, the state indicted petitioner for robbery and for attempted aggravated felony murder based on the same robbery. Both crimes were committed against the same victim and in the same criminal episode. That single robbery must be either completed or attempted for both counts. It could not simultaneously be both completed and only attempted.

Because the same factual robbery was involved, the state's proof of (attempted aggravated) felony murder based on that first-degree robbery—whether completed or attempted—necessarily meant that the state would have proved every element of first-degree robbery, whether completed or attempted. As we just noted, proof of felony murder based on a completed first-degree robbery definitionally would require proof of every element of a completed robbery, while proof of felony murder based on an attempted first-degree robbery definitionally would require proof of every element of an attempted robbery. Regardless whether the robbery was completed or attempted, there is no element of that robbery count that would not have been proved in the felony murder count. Thus, whether the robbery was completed or attempted, all the elements of robbery were necessarily included within the attempted aggravated felony murder charge.

Accordingly, we agree with petitioner and reject superintendent's argument that the robbery count against him required proof of an element that the attempted aggravated felony murder count against him did not. ORS 161.067(1). Every element of first-degree robbery was required to be proved as part of the attempted aggravated

felony murder count. If the trial court had applied ORS 161.067(1) properly after proper objection, the trial court would have merged the guilty verdict on the robbery count into the guilty verdict on the attempted aggravated felony murder count.

C.   *Applicability of This Court's Decision in* Barrett

The Court of Appeals also relied on this court's decision in *Barrett*. *See* 293 Or App at 435. *Barrett* is not based on the distinction argued for by the superintendent (that the predicate felony required the extra element of completion, while felony murder required only the element of attempt to commit the predicate felony). Instead, *Barrett* held that aggravated murder was murder plus a single element of "aggravation," adding that the predicate felonies of felony murder were merely alternative methods of proving that element of aggravation. *Barrett* thus indicated that a predicate felony was not itself an element of *aggravated* felony murder. If *Barrett* was correct on that point, then the two crimes would not overlap in their elements, and petitioner's predicate felony of first-degree robbery would not merge into the guilty verdict for attempted aggravated felony murder. We turn, then, to *Barrett*.

The main part of *Barrett* concerned whether the trial court should have merged the guilty verdicts on three counts of aggravated murder, when the defendant had only killed a single victim. *See* 331 Or at 29. Interpreting the nearly identical merger statute, *former* ORS 161.062(1), this court held that "defendant's conduct in intentionally murdering one victim did not violate 'two or more statutory provisions[.]'" 331 Or at 31 (quoting *former* ORS 161.062(1)). The different ways in which aggravation could be shown were not separate elements of the crime of aggravated murder, but instead alternative ways of proving the single element of "aggravation." *See id*. at 34-36. Because the different forms of aggravation were not different elements, there was only one crime of aggravated murder. *Id*. at 36.

> "The aggravating factors constitute no more than different theories under which murder becomes subject to the enhanced penalties for aggravated murder. That defendant's conduct in intentionally murdering the victim in

this case was 'aggravated' by 'any,' *i.e.*, one or more, act surrounding that conduct does not convert that conduct into more than one separately punishable offense."

*Id*.

In so concluding, this court had asserted in a footnote that the predicate felonies for felony murder were also alternative ways to prove the single element of "aggravation":

"One of the aggravating circumstances listed in ORS 163.095 is that the murder was committed during the course of one of 12 felonies listed in ORS 163.115(1)(b)."

331 Or at 34 n 2. Relying on that, this court later shifted from the issue of merger of the three counts of aggravated murder and turned instead to the different issue of whether the predicate felony should merge into the aggravated felony murder count. The court stated in *dictum* that the trial court, on remand, should not merge the predicate felony of first-degree robbery into the aggravated felony murder count based on that same robbery:

"[I]n light of our conclusion that the various aggravating circumstances are not 'elements' for purposes of *former* ORS 161.062(1) but, rather, alternative ways of proving the element of aggravation, the statutory provisions penalizing robbery and aggravated murder each involve an element that the other does not and address separate legislative concerns."

*Id*. at 37 n 4.

We need not revisit *Barrett* as a whole to conclude that it was incorrect in its *dictum* that the predicate felony would not merge into aggravated felony murder. The erroneous premise was the assertion in its second footnote that the predicate felonies of aggravated felony murder were alternative ways to prove "aggravation." The alternative ways to prove "aggravation" were listed in ORS 163.095 (2011): things such as murder for hire (subsection (1)(a)-(b)), the murder of more than one victim (subsection (1)(d)), or the murder of a person under the age of 14 (subsection (1)(f)). A predicate felony was not a method of showing "aggravation," but a necessary element of the lesser offense of felony murder as defined in ORS 163.115(1)(b) (2011). The "aggravating"

factor that elevated felony murder into aggravated murder was that the defendant had "personally and intentionally committed the homicide." ORS 163.095(2)(d) (2011).

For those reasons, we disavow footnotes two and four of *Barrett*. The predicate felonies of felony murder are not alternative ways to prove "aggravation" for aggravated felony murder. Accordingly, *Barrett* does not support holding that ORS 161.067(1) prevents merger of the two counts.

### III.   CONCLUSION

For the reasons discussed, we conclude that ORS 161.067(1), properly interpreted and applied, would have required merger of petitioner's guilty verdicts on first-degree robbery and attempted aggravated felony murder.

We emphasize again that our holding today only addresses the legal question of how ORS 161.067(1) should be interpreted in the context of a charge of felony murder. This case does not offer any opportunity for us to consider the underlying question in petitioner's post-conviction case whether counsel was, in fact, constitutionally inadequate for failing to object to petitioner's sentences. We hold only that the post-conviction court erred in granting summary judgment for the superintendent based on the holding that, as a matter of law, the offenses would not merge regardless of objection.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.