***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted May 23; convictions for attempted first-degree murder and first-degree robbery reversed and remanded for entry of a judgment of conviction for attempted first-degree murder, remanded for resentencing, otherwise affirmed June 29, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHRISTOPHER ALLEN CATHCART,
*Defendant-Appellant.*

Marion County Circuit Court
20CR18702; A175605

Daniel J. Wren, Judge.

Frances J. Gray filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Powers, Presiding Judge, and Lagesen, Chief Judge, and Hellman, Judge.

POWERS, P. J.

Convictions for attempted first-degree murder and first-degree robbery reversed and remanded for entry of a judgment of conviction for attempted first-degree murder; remanded for resentencing; otherwise affirmed.

**POWERS, P. J.**

Defendant appeals from a judgment convicting him of attempted murder in the first degree, ORS 161.405 and ORS 163.107, assault in the first degree, ORS 163.185, and robbery in the first degree, ORS 164.415. On appeal, defendant raises five assignments of error in which he contends that the trial court (1) plainly erred by failing to merge the verdict for first-degree robbery into the verdict for attempted first-degree murder; (2) plainly erred by imposing the robbery sentence to be partially consecutive to the attempted murder sentence; (3) plainly erred by imposing the robbery sentence to be partially consecutive to the assault sentence; (4) erred by imposing restitution for medical expenses because there was insufficient evidence to establish that those expenses were reasonable; and (5) erred by imposing restitution for medical expenses because there was insufficient evidence to establish that those expenses were necessarily incurred. We reject defendant's challenges to the restitution award because there was sufficient evidence for the trial court to conclude that the expenses were necessarily incurred and reasonable.

The state concedes that the trial court plainly erred by failing to merge the verdicts for attempted first-degree murder and first-degree robbery, and we accept that concession. *See Martinez v. Cain*, 366 Or 136, 146-48, 458 P3d 670 (2020) (concluding that ORS 161.067(1) required the verdicts for first-degree robbery and attempted aggravated felony murder to merge because there was "no element of the robbery count that would not have [been] proved in the felony murder count"). And for the reasons expressed in *State v. Camacho-Alvarez*, 225 Or App 215, 217, 200 P3d 613 (2009), we exercise our discretion to correct the error, and we reverse and remand for merger of those guilty verdicts and for resentencing. Because we remand for resentencing, we need not reach defendant's other sentencing challenges. To the extent that the state argues that the trial court on remand may "substitute an attempted second-degree murder conviction," we reject that argument. Our disposition makes clear that we are remanding for the entry of a judgment of conviction for attempted first-degree murder, and

the parties are free to raise arguments about the appropriate sentence on remand.

Convictions for attempted first-degree murder and first-degree robbery reversed and remanded for entry of a judgment of conviction for attempted first-degree murder; remanded for resentencing; otherwise affirmed.