246 August 7, 2024 No. 546

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KEYSHANN MARQUISE JONES,
*Defendant-Appellant.*

Washington County Circuit Court
21CR28239; A177680

Janelle F. Wipper, Judge.

Submitted December 11, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and David Sherbo-Huggins, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Doug M. Petrina, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

MOONEY, J.

Affirmed.

**MOONEY, J.**

Defendant appeals convictions for two counts of second-degree assault constituting domestic violence, ORS 163.175 (Counts 1 and 8), and three counts of unlawful use of a weapon (UUW) constituting domestic violence, ORS 166.220 (Counts 2, 6, and 9), following a bench trial.[1] He raises seven assignments of error. We affirm.

Defendant's convictions stem from three separate altercations with his girlfriend, L. In the first, defendant threw a perfume bottle that struck L in the head, causing L to bleed and experience pain for several weeks. In the second, defendant swung a broom at L several times, but failed to make contact. In the third, defendant punched L in the face, stomped on her back, and struck her with a belt.

In his first two assignments of error, defendant asserts that the trial court erred in finding defendant guilty of second-degree assault (Counts 1 and 8) because it did not determine whether defendant was criminally negligent with respect to the physical-injury element of the offense, which the state was required to prove under ORS 163.175. *See State v. Owen*, 369 Or 288, 322, 505 P3d 953 (2022) (applying a culpable mental state to the physical injury element of ORS 163.175). But defendant did not make that argument before the trial court. He instead argued that the state was required to prove that he knew that his conduct would cause physical injury. That argument did not sufficiently alert the court or the state to defendant's position that the court was, at minimum, required to find criminal negligence. It is significant that after making its findings the trial court asked the parties whether there were "[a]ny other questions or clarifications needed[,]" and that defendant responded in the negative. Because it is not plain on this record that the trial court based its verdict on an erroneous understanding of the law, *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991), we reject defendant's first and second assignments of error.

---

[1] Defendant was found guilty on Counts 3, 4, 5, and 7; those counts were merged with the counts on which convictions were entered and are not before us on appeal.

In assignments of error three through five, defendant asserts that the trial court "erred by failing to instruct itself" that it had to find that defendant knew or was criminally negligent in failing to know that the perfume bottle, the broomstick, and the belt were dangerous weapons for the purposes of UUW (Counts 2, 6, and 9). Defendant concedes that the issue was not raised below. He argues, however, that the trial court plainly erred because it is obvious from the record that the trial court must not have applied the requisite culpable mental state to the dangerous weapon element of UUW. We reject that argument. The trial court found that "based on the manner [in] which the broom, belt and perfume bottle [were] used in this case, [they] could have caused serious physical injury \*\*\*." At a minimum, the trial court expressed its view that the defendant used the broom, the belt, and the perfume bottle in such a manner as to cause or threaten serious physical injury to L. We conclude that there is little likelihood that a self-instruction on criminal negligence would have affected the verdict. *See State v. Stone*, 324 Or App 688, 696, 527 P3d 800 (2023) (declining to conclude that failing to give the instruction was plain error because any error was harmless). Given the court's finding and the record, we are not persuaded that if it had instructed itself concerning criminal negligence, the trial court would not have concluded beyond a reasonable doubt that defendant "fail[ed] to be aware of a substantial and unjustifiable risk" that "constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation." ORS 161.085(10). Thus, to the extent that the trial court committed instructional error, it was harmless.

In his sixth assignment, defendant challenges the trial court's failure to merge the UUW verdict on Count 2 into the second-degree assault conviction on Count 1. In his seventh assignment of error, he likewise challenges the court's failure to merge the UUW verdict on Count 9 into the second-degree assault conviction on Count 8. ORS 161.067, sometimes referred to as the anti-merger statute, provides, as relevant:

"(1)   When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there

are as many separately punishable offenses as there are separate statutory violations."

That statutory provision "authorizes separately punishable offenses when three conditions are met: (1) the defendant's actions qualify as the same conduct or criminal episode; (2) the defendant's actions violate more than one separate statutory provision; and (3) each separate statutory provision requires proof of an element that the other provision(s) do not." *Martinez v. Cain*, 366 Or 136, 145, 458 P3d 670 (2020). We, thus, begin with the UUW and second-degree assault statutes.

ORS 166.220 provides, as relevant:

"(1)   A person commits the crime of unlawful use of a weapon if the person:

"(a)   Attempts to use unlawfully against another, or carries or possesses with intent to use unlawfully against another, any dangerous or deadly weapon as defined in ORS 161.015[.]"

As charged, the elements of UUW on Counts 2 and 9 are (1) carrying or possessing; (2) a dangerous or deadly weapon; (3) with intent to use it unlawfully; (4) against another. *See State v. Alvarez*, 240 Or App 167, 172, 246 P3d 26 (2010), *rev den*, 350 Or 408 (2011) (similarly describing elements of UUW). In Count 2, the alleged dangerous weapon is a belt, and in Count 9, it is a perfume bottle.

ORS 163.175 provides, as relevant:

"(1)   A person commits the crime of assault in the second degree if the person:

"\* \* \* \* \*

"(b)   Intentionally or knowingly causes physical injury to another by means of a deadly or dangerous weapon[.]"

The elements of the crime of second-degree assault are, therefore, (1) intentionally or knowingly; (2) causing physical injury; (3) to another; (4) by means of a deadly or dangerous weapon. *See Alvarez*, 240 Or App at 172 (similarly describing elements of first-degree assault).

Second-degree assault contains an element that UUW does not—causing physical injury. UUW likewise contains an element that second-degree assault does not—carrying or possessing a dangerous or deadly weapon. *See Alvarez*, 240 Or App at 173-74 (reaching the same conclusion and explaining that "[i]t is possible to inflict * * * physical injury with a dangerous or deadly weapon without either possessing or carrying it"). Because second-degree assault and UUW each require proof of an element that the other provision does not, the trial court did not err when it declined to merge those convictions.

Affirmed.