680 May 20, 2026 No. 431

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

LIAM O'NEIL-BARRETT,
*Petitioner-Appellant,*

*v.*

Joshua HIGHBERGER,
Superintendent,
Oregon State Correctional Institution,
*Defendant-Respondent.*

Marion County Circuit Court
21CV03988; A181479

Thomas M. Hart, Judge.

Submitted March 7, 2025.

Margaret Huntington and Equal Justice Law, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

POWERS, J.

Reversed and remanded.

**POWERS, J.**

In this post-conviction proceeding, petitioner challenges the grant of summary judgment to the superintendent, after concluding that petitioner's claims were procedurally barred because they could reasonably have been raised earlier. In three assignments of error, petitioner contends that the post-conviction court erred by concluding that his claim that the state violated the plea agreement was procedurally barred; by denying his request to submit additional evidence in response to the superintendent's motion for summary judgment; and by concluding that his claim that his first-degree robbery verdict should have merged with an aggravated murder verdict was procedurally barred. As explained below, we conclude that the post-conviction court erred in granting summary judgment to the superintendent. On the first assignment, which involves whether the state violated the plea agreement, we conclude that summary judgment was improper because there was a genuine issue of material fact as to whether petitioner should have been on notice of the breach at the time of the judgment. On the third assignment, which involves the merger issue, we conclude that the post-conviction court erred in granting summary judgment because, as a matter of law, petitioner's claim satisfied the escape clause, which allowed petitioner an extended timeframe to file for relief. Those conclusions obviate the need to reach petitioner's second assignment of error. Accordingly, we reverse and remand.

We set forth an overview of the procedural history and provide more details in our discussion of each assignment of error. In 1995, petitioner pleaded no contest to three counts of aggravated murder, one count of murder, and one count of first-degree robbery arising out of an incident in which petitioner shot and killed a convenience store clerk during a robbery in Klamath County. The aggravated murder counts were based on three alternative theories: Count 1 was aggravated murder committed during the commission of first-degree robbery; Count 2 was aggravated murder committed during the commission of second-degree kidnapping; and Count 3 was aggravated murder committed to conceal defendant's identity. The trial court merged the guilty

verdict for murder with Count 3 and merged the guilty verdict for first-degree robbery with Count 1. Petitioner filed a direct appeal, we affirmed the judgment, and the Supreme Court remanded for merger of the three aggravated murder verdicts into a single aggravated murder conviction. *State v. Barrett*, 331 Or 27, 36-37, 10 P3d 901 (2000), *abrogated on other grounds by Martinez v. Cain*, 366 Or 136, 458 P3d 670 (2020).

On remand, the trial court entered a conviction for a single count of aggravated murder and merged the murder verdict into the aggravated murder conviction. The court, however, did not merge the first-degree robbery verdict with an aggravated murder verdict, following the instructions in *Barrett*, 331 Or at 37 n 4 (explaining that "a separate conviction could be entered on the robbery charge on remand").[1] The court sentenced petitioner to a life sentence with a 30-year minimum and a consecutive 72-month departure sentence for the robbery conviction. On the robbery conviction, the court noted in the judgment that petitioner "falls into gridblock 9I for which the sentence is 36 months," and it found "substantial and compelling reasons" to enter a durational departure of 72 months. Petitioner sought post-conviction relief and filed other legal actions before filing this post-conviction proceeding more than 20 years after the judgment became final.[2]

---

[1] The court's entire footnote explanation provides:

"Under the foregoing analysis, a separate conviction could be entered on the robbery charge on remand. Robbery and aggravated murder clearly are set out in two different statutory provisions, ORS 164.415 and ORS 163.095. Moreover, in light of our conclusion that the various aggravating circumstances are not 'elements' for purposes of *former* ORS 161.062(1) but, rather, alternative ways of proving the element of aggravation, the statutory provisions penalizing robbery and aggravated murder each involve an element that the other does not and address separate legislative concerns. Accordingly, for purposes of *former* ORS 161.062(1), we do not view robbery as a lesser-included offense to the aggravated-murder charge."

*Barrett*, 331 Or at 37 n 4.

[2] Among the other legal actions challenging his convictions or sentence, petitioner filed a mandamus proceeding and separately filed, approximately one month following the decision in *Martinez v. Cain*, 366 Or 136, 458 P3d 670 (2020), a motion to modify the erroneous term in his judgment, arguing that the robbery verdict should merge into the aggravated murder conviction. The trial court held a hearing and denied the motion, finding that the issue was not properly before the court. Those proceedings are not at issue in this appeal.

In this post-conviction proceeding, petitioner made three claims, two of which are relevant in this opinion. The first claim was that, following the Supreme Court's decision in *Martinez v. Cain*, 366 Or 136, 458 P3d 670 (2020), petitioner's robbery verdict should merge with an aggravated murder verdict. *See Martinez*, 366 Or at 150 (disavowing "footnotes two and four of *Barrett*" and explaining that the "predicate felonies of felony murder are not alternative ways to prove 'aggravation' for aggravated felony murder. Accordingly, *Barrett* does not support holding that ORS 161.067(1) prevents merger of the two counts."). Petitioner's second claim was that the state violated the plea agreement in 2021 when the parole board found petitioner capable of rehabilitation in a reasonable time and applied the "matrix" system to determine his release date. Petitioner contended that the terms of his plea agreement required the board to apply the "sentencing guidelines" and not the matrix to determine his release date.

In the post-conviction court, the superintendent moved for summary judgment, asserting, in part, that petitioner's claims were untimely. The post-conviction court granted summary judgment in favor of the superintendent, concluding that petitioner should have been on notice of his claims earlier and thus that the claims do not fall within the escape clauses. This timely appeal follows.

On appeal, petitioner argues that the post-conviction court erred in concluding that his claims were procedurally barred and thus in granting the superintendent's motion for summary judgment. Petitioner acknowledges that he brought his claims more than 20 years following the judgment of conviction, which is beyond the two-year statute of limitations on post-conviction claims. *See* ORS 138.510(3) (generally providing a two-year statute of limitations for post-conviction relief). However, petitioner asserts that, viewing the evidence in the light most favorable to him, his claims fall within the escape clauses in ORS 138.550(3) and ORS 138.510(3), which allow for an extended timeframe to file for relief when the ground for relief "could not reasonably

have been raised" in earlier petitions.[3] As explained below, we agree with petitioner's arguments.

We review a post-conviction court's grant of summary judgment to determine whether the court erred in concluding that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *Bean v. Cain*, 314 Or App 529, 530, 497 P3d 1273 (2021). A movant is entitled to summary judgment if, viewing the evidence in the light most favorable to the party opposing summary judgment, the "pleadings, depositions, affidavits, declarations, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law." ORCP 47 C. When summary judgment is based on a petitioner's untimely claim failing to fall within an escape clause, we review for a genuine issue of material fact or for an error of law depending on the circumstances. *See Eklof v. Steward*, 360 Or 717, 733, 385 P3d 1074 (2016) (explaining that in "some post-conviction cases, where the question is whether a claim reasonably could have been raised in a prior action, the issue will be a legal one, capable of resolution on

---

[3] ORS 138.550(3) provides:

"(3) All grounds for relief claimed by petitioner in a petition pursuant to ORS 138.510 to 138.680 must be asserted in the original or amended petition, and any grounds not so asserted are deemed waived unless the court on hearing a subsequent petition finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition. However, any prior petition or amended petition which was withdrawn prior to the entry of judgment by leave of the court, as provided in ORS 138.610, shall have no effect on petitioner's right to bring a subsequent petition."

ORS 138.510(3) provides:

"(3) A petition pursuant to ORS 138.510 to 138.680 must be filed within two years of the following, unless the court on hearing a subsequent petition finds grounds for relief asserted which could not reasonably have been raised in the original or amended petition:

"(a) If no appeal is taken, the date the judgment or order on the conviction was entered in the register.

"(b) If an appeal is taken, the date the appeal is final in the Oregon appellate courts.

"(c) If a petition for certiorari to the United States Supreme Court is filed, the later of:

"(A) The date of denial of certiorari, if the petition is denied; or

"(B) The date of entry of a final state court judgment following remand from the United States Supreme Court."

summary judgment" but also noting that summary judgment would not be appropriate when the inquiry depends on factual questions).

In petitioner's first assignment of error, he contends that the post-conviction court erred in concluding that his second claim for relief—*viz.*, the state's alleged violation of the plea agreement—was procedurally barred. In his petition for post-conviction relief, petitioner alleged that as part of his plea agreement, the parties agreed that the sentencing guidelines, and not the matrix, would apply to his convictions. Petitioner argues that the state breached the plea agreement when, in May 2021, the parole board found that petitioner was likely to be rehabilitated in a reasonable amount of time and then applied the matrix rules to set a prison term of 168 months. In support of his position, petitioner filed a response to the summary judgment motion and included a declaration explaining that his attorney told him that his sentences would be governed by the sentencing guidelines, not the matrix. He also submitted a declaration from the Klamath County District Attorney's Office in which Costello, the District Attorney, explained that at the time of the agreement, all parties understood that if petitioner was found to be rehabilitated by the parole board, then his sentence would be governed by the sentencing guidelines. Finally, petitioner submitted the plea petition, which provided that "[t]his is a sentencing guidelines case." On appeal, petitioner maintains that, based on the evidence he produced during the summary judgment proceedings, there is a genuine issue of material fact as to whether he could have raised his claim in a prior post-conviction proceeding.

The superintendent remonstrates that the post-conviction court correctly granted summary judgment because petitioner's claim is procedurally barred because it could have been brought earlier. In the superintendent's view, petitioner could have brought his claim as soon as the judgment on remand was entered because the judgment imposed a non-guidelines sentence. Specifically, the judgment provides that, as to the aggravated murder conviction, petitioner was sentenced to "life with a 30-year minimum," which the superintendent considers a sentence pursuant

to ORS 163.105, not the sentencing guidelines. Therefore, according to the superintendent, even if the prosecutor promised that petitioner's aggravated murder conviction would be governed by the sentencing guidelines, petitioner was on notice at the time the judgment was issued that his sentence would not be determined according to the sentencing guidelines, and thus, petitioner could have brought the claim in his original post-conviction case.

We conclude that the post-conviction court erred in granting summary judgment because the record demonstrates a genuine issue of material fact as to whether petitioner could reasonably have brought a claim that the state breached the plea agreement earlier than he did. As noted above, petitioners must bring claims for post-conviction relief within two years of the criminal judgment or, if the case is appealed, the date on which the appeal is final. ORS 138.510(3). Exceptions to that general rule are in the escape clauses of ORS 138.550(3) and ORS 138.510(3), which allow for an extended timeframe to file for relief when the ground for relief "could not reasonably have been raised" in earlier petitions. A ground for relief could not reasonably have been raised earlier if either the legal or factual "ground for relief was not known and was not reasonably available." *Gutale v. State of Oregon*, 364 Or 502, 509, 435 P3d 728 (2019).

Our role on appeal is narrow. In addressing the first assignment, we need not determine whether petitioner's claim falls within the escape clause; rather, our sole task on appeal is to determine whether petitioner created a genuine issue of material fact as to whether his claim falls within the escape clause such that summary judgment was improper. We conclude that petitioner's affidavit combined with the plea agreement that he submitted in his response to the summary judgment motion created a genuine issue of material fact as to whether the judgment should reasonably have alerted petitioner that the state would violate the plea agreement.

The judgment provides that petitioner's sentence for the aggravated murder conviction was a life sentence with a 30-year minimum, which the superintendent notes

and petitioner acknowledges is pursuant to ORS 163.105.[4] Although we agree with both parties that ORS 163.105 applies to aggravated murder convictions, petitioner created a genuine issue of material fact as to whether the state agreed that his particular sentence would be governed by

[4] ORS 163.105 (1993), *amended by* Or Laws 1995, ch 421, § 2; Or Laws 1999, ch 59, § 31; Or Laws 1999, ch 782, § 5; Or Laws 2007, ch 717, § 1; Or Laws 2009, ch 660, § 6; Or Laws 2015, ch 820, § 45; Or Laws 2019, ch 634, § 27, provides:

"Notwithstanding the provisions of ORS chapter 144, ORS 421.165 and 421.450 to 421.490:

"(1)(a) When a defendant is convicted of aggravated murder as defined by ORS 163.095, the defendant shall be sentenced, pursuant to ORS 163.150, to death, life imprisonment without the possibility of release or parole or life imprisonment.

"(b) A person sentenced to life imprisonment without the possibility of release or parole under this section shall not have that sentence suspended, deferred or commuted by any judicial officer, and the State Board of Parole and Post-Prison Supervision may not parole the prisoner nor reduce the period of confinement in any manner whatsoever. The Department of Corrections or any executive official may not permit the prisoner to participate in any sort of release or furlough program.

"(c) If sentenced to life imprisonment, the court shall order that the defendant shall be confined for a minimum of 30 years without possibility of parole, release on work release or any form of temporary leave or employment at a forest or work camp.

"(2) At any time after 20 years from the date of imposition of a minimum period of confinement pursuant to subsection (1)(c) of this section, the State Board of Parole and Post-Prison Supervision, upon the petition of a prisoner so confined, shall hold a hearing to determine if the prisoner is likely to be rehabilitated within a reasonable period of time. The sole issue shall be whether or not the prisoner is likely to be rehabilitated within a reasonable period of time. The proceeding shall be conducted in the manner prescribed for a contested case hearing under ORS 183.310 to 183.550 except that:

"(a) The prisoner shall have the burden of proving by a preponderance of the evidence the likelihood of rehabilitation within a reasonable period of time; and

"(b) The prisoner shall have the right, if the prisoner is without sufficient funds to employ an attorney, to be represented by legal counsel, appointed by the board, at board expense.

"(3) If, upon hearing all of the evidence, the board, upon a unanimous vote of all of its members, finds that the prisoner is capable of rehabilitation and that the terms of the prisoner's confinement should be changed to life imprisonment with the possibility of parole, or work release, it shall enter an order to that effect and the order shall convert the terms of the prisoner's confinement to life imprisonment with the possibility of parole or work release. Otherwise the board shall deny the relief sought in the petition.

"(4) Not less than two years after the denial of the relief sought in a petition under this section, the prisoner may petition again for a change in the terms of confinement. Further petitions for a change may be filed at intervals of not less than two years thereafter."

the sentencing guidelines. *Cf. Fritz v. Amsberry*, 315 Or App 213, 216, 500 P3d 20 (2021) (explaining that, for that case, it was "a circumstance in which due process would require judicial enforcement of an 'unfulfillable' promise in a plea agreement").[5] We consider the evidence in the light most favorable to petitioner as the nonmoving party, and here, because there is nothing in the judgment that would definitively suggest that the sentencing guidelines would not apply—or what the board would do if it found that petitioner was capable of rehabilitation—the judgment, as a factual matter, is sufficiently ambiguous as to petitioner's sentence to foreclose summary judgment. Accordingly, because there is a genuine issue of material fact as to whether the sentencing guidelines apply to petitioner's sentence and thus there is a question of fact as to whether petitioner could reasonably have raised the claim prior to the board applying the matrix in 2021, the post-conviction court erred in granting summary judgment on the escape-clause issue.

Turning to petitioner's second assignment of error, he contends that the post-conviction court erred in denying his request to submit additional evidence in response to the state's reply to its motion for summary judgment. Because we are reversing the grant of summary judgment, petitioner will have an opportunity to present evidence at the hearing, and we need not address his second assignment of error.

Finally, in his third assignment of error, petitioner asserts that the post-conviction court erred in denying his claim that his robbery verdict should merge into his aggravated murder conviction when it concluded that he could reasonably have raised his claim earlier. Specifically, petitioner maintains that he could not have brought his claim before 2020 when the Supreme Court's decision in *Martinez* overruled the footnote in *Barrett* that prevented merger of the robbery verdict. The superintendent remonstrates that

---

[5] The superintendent argues that *Fritz* is distinguishable and that it was incorrectly decided. The superintendent further maintains that, because petitioner could reasonably have raised his claim earlier, we need not address the factual question as to whether the state had promised petitioner that the sentencing guidelines would apply. Although the parties dispute the applicability of *Fritz*, we need not address those arguments because the superintendent did not develop an argument on that issue and because we need not answer those questions to resolve the narrow issues in this case.

petitioner could have brought his claim before the final decision in *Barrett* was issued because whether his robbery verdict and an aggravated murder verdict should merge was an open question. *See Perez v. Cain*, 367 Or 96, 112, 473 P3d 540 (2020) (concluding that the petitioner could reasonably have raised an open question of statutory construction before case law decided the question). In the superintendent's view, because *Barrett* was petitioner's "direct appeal, it had not been issued at the time that petitioner filed his brief in that case. It therefore did not stand in the way of him arguing in his brief before the Oregon Supreme Court that his robbery count should merge into his aggravated-murder conviction."[6]

In contrast to petitioner's first assignment of error, whether petitioner's claim raised by his third assignment of error falls into the escape clause is a pure question of law because its resolution depends on the state of the law at the time of petitioner's claims, and not on factual circumstances. We conclude that, as a matter of law, petitioner's claim satisfies the escape clause because petitioner could not have brought his claim that his robbery verdict should merge with an aggravated murder verdict until after the decision in *Martinez*.

After the trial court issued the first judgment—in which the robbery verdict was merged with an aggravated murder verdict—petitioner appealed from that judgment. During the time that petitioner's case was pending appeal, the operative judgment reflected that his robbery verdict had merged with an aggravated murder verdict. It was not until the judgment on remand—which followed the Supreme Court's decision in *Barrett*—that petitioner's robbery verdict was not merged with an aggravated murder verdict. Given that series of events, we disagree with the superintendent's argument that *Perez* applies. Here, whether petitioner's verdicts should merge was not an open question of law because his verdicts, at the time of the appeal, had already been merged. Therefore, petitioner would have had no reason to

---

[6] To the extent that the superintendent argues that petitioner raised his merger argument in the direct appeal and therefore it is barred by judicial estoppel, we do not address that contention because it was not "'raised in the motion' for summary judgment." *Eklof*, 360 Or at 731 (quoting *Two Two v. Fujitec America, Inc.*, 355 Or 319, 325, 325 P3d 707 (2014)).

make a claim either in his direct appeal or in a post-conviction case that his robbery verdict should merge, because it had already merged (and then, later, was un-merged). The judgment after remand did not merge the robbery verdict, pursuant to *Barrett*, and therefore, it followed the applicable law at the time. Following *Barrett*, petitioner would not reasonably have had a claim that the robbery verdict should merge because any such argument would have been in direct contradiction with a Supreme Court decision in his own case.

In short, petitioner would not reasonably have been aware of a post-conviction claim until *Martinez* was decided and disavowed the footnote in *Barrett*.[7] Therefore, because petitioner's claim raised by his third assignment of error satisfies the escape clauses, the post-conviction court erred in granting summary judgment to the superintendent.

Reversed and remanded.

---

[7] The superintendent asks us to affirm on the alternative basis that *Martinez* does not apply to petitioner's case. That argument, however, was not raised in the superintendent's motion for summary judgment and therefore is not a proper basis to affirm the post-conviction court's judgment. *See Eklof*, 360 Or at 736 (noting that, because a post-conviction petitioner was required to address only the issues raised in the superintendent's summary judgment motion, a new basis for summary judgment "did not provide an alternative basis to affirm on appeal"). As noted earlier, our role on appeal is to determine whether the post-conviction court erred in granting summary judgment. Because we have concluded that petitioner's claim falls within the escape clause and thus that the court erred in granting summary judgment, we remand the case to the post-conviction court for consideration of the parties' arguments, which may include whether *Martinez* applies to petitioner's case.