Argued and submitted October 28, 2019, affirmed October 13, 2021

JOHN M. FRITZ,
*Plaintiff-Respondent,*

*v.*

Brigitte AMSBERRY,
Superintendent,
Eastern Oregon Correctional Institution,
*Defendant-Appellant.*

Umatilla County Circuit Court
18CV23414; A169395

500 P3d 20

Eva J. Temple, Judge.

Benjamin Gutman, Solicitor General, argued the cause for appellant. Also on the brief was Ellen F. Rosenblum, Attorney General.

Jedediah Peterson argued the cause for respondent. Also on the brief was O'Connor Weber LLC.

Before Ortega, Presiding Judge, and Shorr, Judge, and James, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

The Superintendent of the Eastern Oregon Correctional Institution appeals a judgment granting habeas corpus relief to plaintiff. The habeas court concluded that plaintiff was entitled to credit on his sentence for second-degree assault as contemplated under a plea agreement, and that the superintendent was therefore required to release him. We affirm.

The factual and procedural history of this case are idiosyncratic, and a full recitation would not benefit the bench, bar, or the public. In short, plaintiff was originally arrested in connection with an attempted murder and, as part of an agreement with the Malheur County District Attorney, pleaded guilty to conspiracy to commit murder, was sentenced to 90 months' incarceration, and began serving the sentence, receiving credit for time served in custody of Malheur County after his arrest and before transfer to the Oregon Department of Corrections (ODOC).

Thereafter, plaintiff and the district attorney entered into a different agreement, whereby plaintiff moved to withdraw his guilty plea on conspiracy and instead plead guilty to second-degree assault. Pursuant to that agreement, the judgment on the conspiracy count was vacated, plaintiff was instead convicted of second-degree assault, and he was sentenced to 70 months in prison. It is undisputed that, at that time, the Malheur County district attorney, plaintiff, and the Malheur County court that sentenced plaintiff intended for him to receive credit for the year and some that he had already spent in custody, and they tried to accomplish that through a stipulated start date of sentence of March 9, 2012, when plaintiff was originally arrested.

Thereafter, ODOC calculated the start date of plaintiff's incarceration differently, concluding that the sentencing court lacked authority to direct the start date of incarceration and that, by ODOC's calculations, without credit for the sentence served on the vacated conspiracy count, plaintiff's projected release date was November 3, 2018, rather than early January 2018, as plaintiff, the district attorney, and the sentencing court had intended.

After ODOC rejected plaintiff's administrative appeal regarding the calculation of his time served, plaintiff filed this habeas action, alleging that, under the circumstances, the superintendent's calculation of time served was incorrect under ORS 137.370 (2013), *amended by* Or Laws 2015, ch 508, §§ 1, 4, and violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution. The habeas court agreed with plaintiff and granted relief. The reasoning of the habeas court is not entirely clear; the court appears to have concluded both that, under ORS 137.370, plaintiff was entitled to credit for time served on the vacated count because "it [was as] if it was never entered," and that the superintendent's calculation contradicted the clear intent of "all parties involved" in the plea process.

The superintendent now appeals the judgment of the habeas court, focusing on the applicability and legal effect of the 2013 and 2015 versions of ORS 137.370. We need not reach those issues (including sorting through differences between the 2013 and 2015 versions), because we agree with the habeas court that, under these circumstances, the superintendent cannot lawfully retain custody of plaintiff in a way that contradicts the express intentions of everyone involved in the plea process and at every stage of sentencing.

Plea agreements are generally interpreted under contract principles, but the constitutional dimension of the rights a criminal defendant gives up—rights under the Fifth and Sixth Amendments to the United States Constitution and Article I, sections 11 and 12, of the Oregon Constitution—requires careful monitoring and close compliance with the terms of the agreement. *See State v. King*, 361 Or 646, 666-67, 398 P3d 336 (2017) (discussing constitutional principles in affirming trial court's dismissal of later homicide charges which violated terms of plea agreement). A defendant's interest in enforcement of the terms of the plea agreement is protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *State v. Lynch*, 305 Or App 122, 126, 469 P3d 800 (2020).

On the facts of this case, even assuming that the superintendent is correct about the construction of ORS 137.370 and the calculation of credit for time served under the applicable version of the statute, this is nonetheless a circumstance in which due process would require judicial enforcement of an "unfulfillable" promise in a plea agreement. *Cf. Rise v. Board of Parole*, 304 Or 385, 393, 745 P2d 1210 (1987) (noting that "[t]here is precedent in the federal courts for judicial enforcement of a prosecutor's 'unfulfillable' promises" and explaining that, in that circumstance, the petitioner's remedy was not before the parole board but "perhaps in habeas corpus or post-conviction relief, where the court is authorized to fashion appropriate relief"). In this case, the habeas court was not persuaded that the state can negotiate and enforce an agreement through a district attorney that credits a person for time served, repeatedly reaffirm that intent through the district attorney, and then, through ODOC, later disregard the terms of that plea agreement in a way that undermines the fundamental bargain that was reached. And we cannot say the habeas court erred in reaching that conclusion. Accordingly, we affirm the judgment of the habeas court.

Affirmed.