Argued and submitted March 31, reversed and remanded for reconsideration
July 8, 1992

## DOUGLAS GEORGE PLANE,
*Petitioner,*

*v.*

## BOARD OF PAROLE,
*Respondent.*

(CA A69285)

834 P2d 549

Lawrence J. Hall, Deputy Public Defender, Salem, argued the cause for petitioner. With him on the brief was Sally L. Avera, Public Defender, Salem.

Yuanxing Chen, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Petitioner was convicted of burglary in the first degree, rape in the first degree, sodomy in the first degree and two counts of sexual abuse in the first degree. He was sentenced under the dangerous offender statute to consecutive terms totalling 100 years with consecutive minimums totalling 50 years. At his prison term hearing, the Parole Board upheld all but one of the consecutive minimums for a total prison term of 420 months before his parole consideration hearing date. Petitioner seeks review, and we reverse and remand for reconsideration.

The state contends that we lack jurisdiction to decide the merits, because petitioner does not seek review of a "final order." We rejected that argument in *Owens v. Board of Parole*, 113 Or App 507, 834 P2d 547 (1992). Petitioner exhausted his administrative remedies. We have jursidiction.

Petitioner contends that the Board erred in finding aggravation under factor O—consecutive sentences. OAR chapter 255, Division 35, Exhibit E - Part 1, lists 17 factors that the Board may use to determine aggravation in setting a parole release or consideration date. Factor O provides, in part, "Consecutive sentences pursuant to Section 4, Chapter 643, Oregon Laws 1987." That section is codified as ORS 144.079, which in turn contains an exemption in subsection (2):

"The method established by this section for determining, where applicable, the *total term* resulting from the summing of consecutive sentences shall apply *only if none of the crimes* involved is:

"* * * * *

"(d) Rape in the first degree, as defined in ORS 163.375;

"(e) Sodomy in the first degree, as defined in ORS 163.405." (Emphasis supplied.)

The state argues that, although petitioner's consecutive sentences do include first degree rape and first degree sodomy, which are included in the statute, he also has two consecutive sentences for sexual abuse. Factor O is appropriate, the state concludes, because the sexual abuse sentences are consecutive, and sexual abuse is not a crime included in ORS 144.069(2).

We reject the state's argument. The statute clearly refers to the *total* consecutive term — not part. ORS 144.079 applies, and consequently so does factor O, *only* when none of a prisoner's consecutive sentences is listed in ORS 144.079(2). "None" means none — not "some." We remand to the Board to recompute petitioner's parole consideration hearing date without aggravation factor O.

Next, petitioner argues his Board Action Form incorrectly lists his matrix range as 280 to 396 months. It appears that, in computing the range, the Board included his two sexual abuse convictions in matrix range 22 to 32 months. However, the Board also expressly found that the matrix range of 22 to 32 months does not apply to petitioner's sexual abuse convictions because of the shortness of those sentences. OAR 255-35-025. Instead, the appropriate range was 14 to 20 months for each conviction, for a total range of 264 to 372 months. The Board will correct the error on remand.

Petitioner's remaining assignment of error is without merit.

Reversed and remanded for reconsideration.