No. 297    May 8, 2024    463

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

JACOB BARRETT,
*Petitioner,*

*v.*

BOARD OF PAROLE AND
POST-PRISON SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A177386

Submitted June 20, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Neil F. Byl, Deputy Public Defender, Office of Public Defense Services, filed the brief for petitioner. Jacob Barrett filed the supplemental brief *pro se.*

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

In 1994, petitioner and two others robbed a conve-nience store at gunpoint, and petitioner shot and killed the store clerk. *State v. Barrett*, 331 Or 27, 10 P3d 901 (2000), *overruled in part by Martinez v. Cain*, 336 Or 136, 458 P3d 670 (2020). The trial court sentenced petitioner pursuant to ORS 163.105 (1993) to life in prison with a 30-year mini-mum term of incarceration for aggravated murder, imposed a durational-departure sentence of 72 months under the sentencing guidelines for first-degree robbery, and ordered those sentences to be served consecutively. In May 2021, the Board of Parole and Post-Prison Supervision (the board) held a murder-review hearing and found that petitioner was likely to be rehabilitated within a reasonable period of time. The board converted his sentence for aggravated murder to life with the possibility of parole, set his prison term for 168 months, and set his projected parole release date for January 5, 2022.

Petitioner sought administrative review of the board's decision, arguing, among other things, that the board was required to "sum and/or unsum" his consecutive prison terms for aggravated murder and first-degree rob-bery pursuant to ORS 144.079 and ORS 144.783 and the board's applicable rules. According to petitioner, had the board "summed" those consecutive terms, it then had dis-cretion to "unsum" them, "effectively treating them as con-current to one another." The board concluded that it lacked authority to "unsum" petitioner's prison terms and denied relief. Petitioner seeks judicial review and renews his con-tention that the board was required to "sum and/or unsum his prison terms." We affirm.

"'Summing' refers to the board's practice of adding consecutive prison terms together; 'unsumming' refers to its determination that consecutive sentences are not appro-priate, thus allowing terms to run concurrently." *Jenkins v. Amsberry*, 288 Or App 693, 694 n 1, 404 P3d 1150 (2017). The board's authority to "sum and/or unsum" petitioner's prison terms is governed by ORS 144.783 (1993) and ORS

144.079 (1993), which cross-reference each other.[1] ORS 144.783 (1993) provided:

"(1)   When a prisoner is sentenced to two or more consecutive terms of imprisonment, the duration of the term of imprisonment shall be the sum of the terms set by the State Board of Parole and Post-Prison Supervision pursuant to the ranges established for the offenses, *subject to ORS 144.079*, and subject to the variations established pursuant to ORS 144.785(1).

"(2)   The duration of imprisonment pursuant to consecutive sentences may be less than the sum of the terms under subsection (1) of this section if the board finds, by affirmative vote of a majority of its members that consecutive sentences are not appropriate penalties for the criminal offenses involved and that the combined terms of imprisonment are not necessary to protect community security."

(Emphasis added.) In turn, ORS 144.079 (1993) provided, in pertinent part:

"(1)(a)   If a prisoner is sentenced to terms of imprisonment that are consecutive to one another and result from crimes committed during the period before the prisoner's first initial parole hearing, * * * the total term resulting from the crimes committed * * * shall be determined by the State Board of Parole and Post-Prison Supervision as follows, *except as provided in subsection (2) of this section*, and the total terms so determined shall then be summed as provided in ORS 144.783(1).

"* * * * *

"(2)   The method established by this section for determining, where applicable, the total term resulting from the summing of consecutive sentences shall apply *only if none of the crimes involved is*:

"(a)   *Murder, as defined in ORS 163.115 or any aggravated form thereof.*"

(Emphases added.)

---

[1] We apply the statutes that were in effect at the time petitioner committed his offenses. *See Janowski/Fleming v. Board of Parole*, 349 Or 432, 435, 245 P3d 1270 (2010) (applying the statutes and administrative rules in effect when the petitioners committed their crimes). For that reason, petitioner's *pro se* argument regarding the 1987 version of ORS 144.079 is inapposite.

Under ORS 144.783(1) (1993), the board must set the "duration of the term of imprisonment" of consecutive prison terms "subject to ORS 144.079." The board's authority to sum consecutive prison terms is therefore, at minimum, "affected by" or "modified by" ORS 144.079. *See Vasquez v. Double Press Mfg., Inc.*, 364 Or 609, 621, 437 P3d 1107 (2019) (explaining that the ordinary meaning of "subject to" can have the narrow meaning of "authorized by" or "under" but can also have a broader meaning of "affected by" or "modified by"). And the plain terms of ORS 144.079(2)(a) (1993) provide that the board has authority to "sum" consecutive prison terms "only if none" of the terms is for the crime of aggravated murder. *Cf. Plane v. Board of Parole*, 114 Or App 60, 63, 834 P2d 549 (1992) ("ORS 144.079 applies * * * *only* when none of a prisoner's consecutive sentences is listed in ORS 144.079(2). 'None' means none—not 'some.'" (Emphasis in original.)). Further, ORS 144.783(2) (1993) plainly provides that the board has authority to "unsum" consecutive prison terms—that is, to set the total duration of imprisonment to less than the "summed" consecutive terms of imprisonment—only after it has first summed them. It follows that when the board lacks authority to "sum" prison terms, it necessarily lacks the authority to "unsum" them.

Here, one of petitioner's two prison terms is for the crime of aggravated murder. The board therefore lacks authority to "sum" his consecutive prison terms. And because the board lacks authority to "sum" petitioner's aggravated murder prison term with his first-degree robbery prison term, it also necessarily lacks authority to "unsum" those terms.[2]

Affirmed.

---

[2]    Because we conclude that the board lacks authority to "sum and/or unsum" petitioner's prison terms under ORS 144.079 (1993) and ORS 144.783 (1993), we need not address the board's argument that it lacks authority to do so under ORS 144.050, given that petitioner's first-degree robbery sentence is a guidelines sentence.

Our disposition also obviates the need to address petitioner's argument that the board should have exercised its discretion to "unsum" his prison terms, given that, in his view, his first-degree robbery conviction would merge with his aggravated murder conviction under *Martinez v. Cain*, 366 Or 136, 458 P3d 670 (2020). We therefore express no opinion on the merits of that argument.